JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Alex Gholston ("defendant"), appeals following his conviction and sentence for rape. For the reasons that follow, we affirm.
 {¶ 2} Defendant was charged with two counts of rape, alleged to have occurred on May 8, 2005, involving his friend's fianceé ("the victim").
 {¶ 3} On May 7, 2005, defendant went to meet a friend named Spears and the victim at a bar in Euclid called the Main Event. The group drank for several hours. The victim drank too much and felt sick. Defendant was also feeling ill. All three left the bar around 2:30 a.m. on May 8, 2005 and went to the apartment shared by Spears and the victim.
 {¶ 4} The victim and Spears testified that the victim vomited in the bathroom. Spears held her hair and helped her change for bed. Spears put the victim to bed and returned to socialize with the defendant. Spears testified that he was trying to "find a female" for the defendant. According to Spears, the defendant had made various lewd comments about the victim to him throughout the evening and also suggested they engage in a threesome. The defendant denied this and testified that it was the victim who was making sexual overtures toward him.
 {¶ 5} According to Spears, the defendant became ill and asked Spears to retrieve cigarettes from his car. Spears testified that defendant told him some of his belongings were in the car along with some beer. Spears could find none of these items in the car. Spears then heard the victim screaming inside the apartment. He was gone only five minutes and returned to find the victim hysterical. *Page 4 
 {¶ 6} According to the defendant, Spears left the apartment to make some phone calls. Defendant entered the bathroom and heard the victim open the bedroom door. Defendant went toward the bedroom and saw the victim masturbating and staring at him. Taking this as an invitation, defendant claimed that he joined her and began fondling her genitalia too. Defendant stated he probably spit on his hands to provide lubrication. After about seven minutes of this activity, the victim began screaming and yelling and kicking. The defendant responded by saying "you trippin." When Spears returned, defendant told him "you better check your bitch" and left.
 {¶ 7} The victim testified that she passed out in her bed. Next, she remembers feeling something very wet and looking down. She saw a "very unfamiliar pair of eyes and very dark face looking back at her." Defendant was performing oral sex on her. She started kicking and screaming and went to look for her fiancé.
 {¶ 8} After attempts to comfort the victim, Spears called the police who arrived and took several items from the apartment. Spears testified that he noticed that a gun and the rent money were missing, which he also reported to the police. Officers took the victim to Hillcrest Hospital, where a sexual assault kit was completed by medical staff.
 {¶ 9} The victim gave a statement to police. *Page 5 
 {¶ 10} Euclid police contacted defendant on May 8, 2005, and spoke with him for about 15 minutes. Eventually, evidence was processed by the Bureau of Criminal Identification and Investigation ("BCI"). Two employees of BCI testified concerning the evidence. The skin stain swabs of the inner thigh tested "presumptively positive" for amylase, which is an enzyme commonly found in saliva. "Presumptively positive" means it "is very likely to be" that substance but one cannot be 100% positive. Amylase is found in other fluids but in lower concentrations than it is found in saliva.
 {¶ 11} BCI was able to exclude Spears as a source of the DNA found in the inner thigh swabs, but could not exclude defendant as a source. The expert concluded that the skin stain swabs reflected a "mixed profile" of defendant's and the victim's DNA. Although BCI testing also indicated the presence of seminal fluid, the same was not profiled for DNA. This was based on the testers' understanding that the victim reported that the assault involved oral sex and that the victim had engaged in consensual sexual activity within 72 hours of the assault.
 {¶ 12} Defendant was arrested in October 2005.
 {¶ 13} The trial court denied defendant's motions for acquittal and the jury found defendant not guilty of Count 1 but guilty of rape as charged in Count 2. The court imposed the minimum prison sentence of three years. Defendant's assignments of error are addressed below. *Page 6 
 {¶ 14} "I. The trial court erred in permitting the State to offer unfairly prejudicial `other acts' testimony in violation of Evidence Rules 403, 404, and R.C. 2945.59 and appellant's rights under Article I
Sec. 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution."
 {¶ 15} Evid. R. 404(B) prohibits the introduction of evidence of other acts to prove the character of a person in order to show that he acted in conformity therewith. See, also, R.C. 2945.59. As a general rule, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to show that the defendant acted in conformity with his bad character. State v. Elliott (1993), 91 Ohio App.3d 763, 770. However, Evid.R. 404(B) states that other acts testimony may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 16} Evid.R. 402 bars the admission of irrelevant evidence. Evid.R. 403 prohibits the introduction of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury. The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Jacks (1989), 63 Ohio App.3d 200, 207.
 {¶ 17} Defendant maintains that the trial court erred by allowing certain testimony in violation of Evid.R. 404(B), 402, and 403. The testimony at issue includes brief testimony of Spears that he told police that he noticed a handgun and *Page 7 
rent money missing. This statement was made by Spears to the officers, who responded to the apartment on May 8, 2005. Defendant also maintains that the trial court erred by permitting the State to question defendant as to whether he engaged in dubbing and selling DVD's, which defendant denied.
 {¶ 18} We have reviewed the evidence and find no error. The subject testimony did not violate the provisions of Evid.R. 404(B). The testimony concerning the missing items was given in connection with Spears' statement to police concerning the events of the evening. Defendant was not charged with theft, and there was no evidence or argument presented that he took the items. Further, defendant testified during direct examination concerning the nature of his employment, which ranged from "flipping" car titles to free-lance carpentry work. On cross-examination, defendant denied dubbing DVD's for income and there was no other evidence introduced to suggest that he did such a thing. The trial court did not err in overruling defendant's objections to the isolated testimony, and its probative value was not outweighed by the danger of unfair prejudice, confusion of issues, or of misleading the jury.
 {¶ 19} Assignment of Error I is overruled.
 {¶ 20} "II. Plain error occurred when the trial court failed to provide a jury instruction, which included an instruction on the lesser included offense of gross sexual imposition." *Page 8 
 {¶ 21} Defendant did not request that the jury be instructed as to gross sexual imposition as a lesser included offense. Defendant did not object to the trial court's instructions, which did not include gross sexual imposition as a lesser included offense.
 {¶ 22} Crim.R. 30(A) provides, in pertinent part: "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." The failure to object to a jury instruction constitutes a waiver and any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Underwood (1983), 3 Ohio St.3d 12.
 {¶ 23} A trial court's instructions to the jury should address the actual issues in the case as warranted by the evidence and the pleadings. State v. Brown (Feb. 29, 1996), Cuyahoga App. No. 68761, citing State v. Guster (1981), 66 Ohio St.2d 266, 271. There must be some evidence presented at trial, on the issue, to warrant an instruction. State v. Thomas (1988), 40 Ohio St.3d 213.
 {¶ 24} A defendant who asserts an affirmative defense is not entitled to an instruction on a lesser included offense "unless the trier of fact could reasonably reject an affirmative defense and could reasonably find against the State and for the accused upon one or more of the elements of the crime charged, and for the State and against the accused on the remaining elements, which by themselves would *Page 9 
sustain a conviction upon a lesser included offense." State v.Johnson (1988), 36 Ohio St.3d 224, 226, quoting Kidder, supra at 282-283.
 {¶ 25} The offense of rape under R.C. 2907.02(A)(1)(c) requires proof of:
 {¶ 26} "(A) (1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 27} "* * *
 {¶ 28} "(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.
 {¶ 29} In order to prove gross sexual imposition under R.C.2907.05(A)(3), the following must be established:
 {¶ 30} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 31} "* * *
 {¶ 32} "(5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a *Page 10 
mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 33} The distinction between the above offenses is that rape involves "sexual conduct" while gross sexual imposition requires proof of "sexual contact," which terms are defined in R.C. Sections 2907.01(A) and (B), respectively.
 {¶ 34} Here, the victim testified that defendant was engaging in cunnilingus, which falls within the statutory definition of "sexual conduct." The DNA evidence corroborates that aspect of the victim's testimony. Defendant denied committing the offense because he claimed the sexual conduct was consensual.
 {¶ 35} "A criminal defendant is not entitled to a jury instruction on gross sexual imposition as a lesser included offense of rape where the defendant has denied participation in the alleged offense, and the jury, considering such defense, could not reasonably disbelieve the victim's testimony as to `sexual conduct,' R.C. 2907.01(A), and, at the same time, consistently and reasonably believe her testimony on the contrary theory of mere `sexual contact,' R.C. 2907.01(B). (State v. Kidder
[1987], 32 Ohio St.3d 279, 513 N.E.2d 311 and State v. Wilkins [1980],64 Ohio St.2d 382, 18 O.O.3d 528, 415 N.E.2d 303, approved and followed.)" Johnson, 36 Ohio St. 3d 224, paragraph 2 of the syllabus. *Page 11 
 {¶ 36} Because the defendant did not deny having a sexual encounter with the victim, but instead claimed it was consensual, the lesser included instruction was not warranted. Further, a jury could not reasonably disbelieve the victim's testimony concerning the sexual conduct and at the same time reasonably believe her testimony on a contrary theory of mere "sexual contact."
 {¶ 37} Finally, the weight of the evidence in the record precludes a finding that the trial court committed plain error by not instructing the jury on gross sexual imposition as a lesser included offense.
 {¶ 38} Assignment of Error II is overruled.
 {¶ 39} "III. Appellant was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendment to the United States Constitution when his attorney failed to request a jury instruction for a lesser included offense."
 {¶ 40} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the *Page 12 
trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel, which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court. Strickland, supra.
 {¶ 41} Defendant argues that his counsel provided ineffective assistance because he did not request a jury instruction on gross sexual imposition as a lesser included offense.
 {¶ 42} The Supreme Court of Ohio, in State v. Griffie (1996),74 Ohio St.3d 332, held that the decision to request a jury instruction with regard to a lesser included offense is a matter of trial strategy and does not constitute ineffective assistance of trial counsel. See, also,State v. Clayton (1980), 62 Ohio St.2d 45, certiorari denied (1980),449 U.S. 879. It must also be noted that defendant is not entitled to an instruction on a lesser included offense if participation in the charged wrongdoing is denied. State v. Reider (Aug. 3, 2000), Cuyahoga App. No. 76649. Defendant's trial strategy was to claim any sexual contact was consensual, so an instruction on a lesser included offense was not warranted.
 {¶ 43} Based on the foregoing authority, Assignment of Error III is overruled.
 {¶ 44} "IV. Appellant's conviction for rape was against the manifest weight of the evidence."
 {¶ 45} A manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390. When a *Page 13 
defendant asserts that his/her conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 46} Defendant believes the jury clearly lost its way. Defendant believes the jurors erred in resolving the conflicts between defendant's and the victim's version of events against him. To him, the testimony was equally credible. Notwithstanding, it was within the province of the jury to assess the credibility of the witnesses and it cannot be considered a manifest miscarriage of justice that they found one more believable than the other. Further, the record contains other evidence that tends to support the victim's version of events, including the testimony of Spears, the DNA evidence, and the testimony of the BCI employees. It appears that the jury carefully considered the evidence in the context of the law. While the jury convicted defendant on one count of rape, it found him not guilty of the other.
 {¶ 47} Defendant's conviction was not against the manifest weight of the evidence.
 {¶ 48} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed. *Page 14 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 COLLEEN CONWAY COONEY, J., and MARY J. BOYLE, J., CONCUR *Page 1