The STATE of Ohio, Appellee,

v.

LANIER, Appellant.

[Cite as *State v. Lanier*, 192 Ohio App.3d 762, 2011-Ohio-898.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080162.

Decided March 2, 2011.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Roger W. Kirk, for appellant.

DINKELACKER, Presiding Judge.

## I. History of the Case

{¶ 1} Defendant-appellant, Daniel Lanier, was originally convicted on one count of attempted murder [1] and two counts of felonious assault,[2] all with accompanying firearm specifications. The trial court sentenced Lanier on all three offenses.

{¶ 2} The record shows that following a dispute, Lanier chased down Biondi Stevenson, pulled out a gun, and started shooting at him. One of the shots hit Stevenson, injuring him. Stevenson yelled that he had been shot, but Lanier continued to shoot. He did not stop until the gun jammed after he had fired at least four more shots.

{¶ 3} On appeal, Lanier argued that he should not have been sentenced for all three offenses, because they were allied offenses, of similar import. We affirmed the trial court's findings of guilt, but vacated the sentences imposed and remanded the case for resentencing.[3] Relying on State v. Cabrales,[4] we stated that the three offenses had to be considered separately and in the abstract.[5] We

---

1. R.C. 2903.02(A) and 2923.02(A).

2. R.C. 2903.11(A)(1) and 2903.11(A)(2).

3. State v. Lanier, 180 Ohio App.3d 376, 2008-Ohio-6906, 905 N.E.2d 687, ¶ 1 ("Lanier I ").

4. State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181.

5. Lanier at ¶ 22.

agreed with Lanier that the offenses based on the two separate subsections of the felonious-assault statute were allied offenses of similar import that should have been merged for sentencing.[6]

{¶ 4} We went on to hold that felonious assault under R.C. 2903.11(A)(2) and attempted murder under R.C. 2903.02(A) and 2923.02(A) were allied offenses of similar import[7] and that they had not been committed separately or with a separate animus as to each.[8] Therefore, the trial court should have also merged those offenses for sentencing.[9]

{¶ 5} Finally, we held that felonious assault under R.C. 2903.11(A)(1) and attempted murder were not allied offenses of similar import.[10] Therefore, Lanier could properly have been sentenced for both.

{¶ 6} We recognized that our decision was in conflict with the its decisions of another appellate district. Consequently, we certified the case to the Ohio Supreme Court.[11] The Ohio Supreme Court determined that a conflict existed and held the case for its decision in another case.[12] The Supreme Court also accepted Lanier's discretionary appeal and consolidated the two cases.[13]

{¶ 7} Before the Supreme Court accepted the case, we decided *State v. Love.*[14] In that case, we held that felonious assault under R.C. 2903.11(A)(2) and attempted murder under R.C. 2903.02(A) and 2923.02(A) were not allied offenses of similar import and that the defendant in that case could properly have been sentenced for both offenses. We overruled our previous decision in *Lanier* to the extent that it was in conflict with *Love.*[15]

{¶ 8} Subsequently, the Supreme Court decided *State v. Williams,*[16] which, in essence, overruled our decision in *Love.*[17] In that case, the Supreme Court relied

---

6. Id. at ¶ 22.

7. Id. at ¶ 23–24.

8. Id. at ¶ 29–31.

9. Id. at ¶ 31.

10. Id. at ¶ 25–27.

11. Id. at ¶ 33.

12. 121 Ohio St.3d 1448, 2009-Ohio-1820, 904 N.E.2d 899.

13. 121 Ohio St.3d 1449, 2009-Ohio-1820, 904 N.E.2d 900.

14. *State v. Love,* 1st Dist. Nos. C–070782 and C–080078, 2009-Ohio-1079, 2009 WL 636539.

15. Id. at ¶ 16–23.

16. *State v. Williams,* 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937.

on *Cabrales* and held that attempted murder under R.C. 2903.02(A) and 2923.02(A) and felonious assault under 2903.11(A)(2) were allied offenses.[18]

{¶ 9} Most recently, the Supreme Court decided *State v. Johnson,*[19] in which it changed the analysis that courts are to apply in allied-offenses cases. The analysis in *Cabrales* had been based upon *State v. Rance,*[20] which the *Johnson* court overruled.[21] The court also overruled that part of our decision in *Lanier I* related to allied offenses and remanded the case to us to for application of *Johnson.*[22]

## II. Allied Offenses of Similar Import

{¶ 10} R.C. 2941.25, Ohio's allied-offenses statute, codifies double-jeopardy protections and specifies when multiple punishments may be imposed for the same conduct.[23] It provides the following:

{¶ 11} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 12} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

### A. A New Test

{¶ 13} In *Johnson,* the Supreme Court stated, "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."[24] According to *State v.*

---

17.  *State v. Johnson,* 1st Dist. No. C–090413, 2010-Ohio-3861, 2010 WL 3291868, ¶ 13.

18.  *Williams* at paragraph two of the syllabus.

19.  *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

20.  *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699.

21.  *Johnson* at syllabus.

22.  *State v. Lanier,* 128 Ohio St.3d 339, 2011-Ohio-5, 944 N.E.2d 221, ¶ 2.

23.  *State v. Moore,* 2d Dist. No. 2010 CA 13, 2011-Ohio-636, 2011 WL 497480, ¶ 52; *State v. Craig,* 8th Dist. No. 94455, 2011-Ohio-206, 2011 WL 285636, ¶ 64.

24.  *Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at syllabus.

*Craycraft, Johnson* established a new two-part test for determining whether offenses are allied offenses of similar import.[25]

{¶ 14} We agree with the analysis of *Johnson* set out in *Craycraft.* The court in that case stated, "The first inquiry focuses on whether it is possible to commit both offenses with the same conduct. It is not necessary that the commission of one will *always* result in the commission of the other. Rather, the question is whether it is *possible* for both offenses to be committed by the same conduct. Conversely, if the commission of one offense will *never* result in the commission of the other, the offenses will not merge." [26]

{¶ 15} "If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. If so, the offenses are allied offenses of similar import and must be merged. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge." [27]

### B. Application of the Test

{¶ 16} We turn now to step one of the analysis. To determine whether attempted murder and felonious assault under both R.C. 2903.11(A)(1) and 2903.11(A)(2) are allied offenses of similar import, we examine whether it is possible to commit each of the offenses with the same conduct.[28]

{¶ 17} R.C. 2903.02(A), the murder statute, provides, "No person shall purposely cause the death of another." R.C. 2923.02(A), the attempt statute, provides, "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." Thus, to obtain a conviction for attempted murder, the state must prove that the accused had purposely or knowingly engaged in conduct, that, if successful, would have resulted in the victim's death.[29]

---

25. *State v. Craycraft,* 12th Dist. Nos. CA2009–02–013 and CA2009–02–014, 2011-Ohio-413, 2011 WL 334670, ¶ 11.

26. (Emphasis sic.) *Craycraft* at ¶ 11, citing *Johnson* at ¶ 48 and 51. See also *State v. Burton,* 8th Dist. No. 94449, 2011-Ohio-198, 2011 WL 285634, ¶ 27–32; *State v. Smith,* 6th Dist. No. OT–10–001, 2011-Ohio-138, 2011 WL 281139, ¶ 13–36.

27. Id. at ¶ 12, citing *Johnson* at ¶ 49–51.

28. See id. at ¶ 13, citing *Johnson* at ¶ 48.

29. *Lanier I,* at ¶ 23; *State v. Byrd,* 1st Dist. No. C–050490, 2007-Ohio-3787, 2007 WL 2141586, ¶ 36.

{¶ 18} Felonious assault under R.C. 2903.11(A)(1) provides, "No person shall knowingly * * * [c]ause serious physical harm to another." Felonious assault under R.C. 2903.11(A)(2) provides, "No person shall * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶ 19} We conclude that it is possible to commit all three of these offenses with the same conduct. When, as here, a defendant shoots another person with a gun and succeeds in injuring the other person but not in killing him, the defendant has attempted to and has caused physical harm with a deadly weapon and has engaged in conduct that, if successful, would have resulted in the victim's death. Thus, the first part of the allied-offenses test is satisfied.

{¶ 20} Consequently, we apply the second part of the test and examine whether Lanier committed the offenses by way of " 'a single act, performed with a single state of mind.' "[30] The state argues that Lanier made the conscious choice to fire multiple shots at Stevenson and stopped only after the gun had jammed. Even though he had fired multiple shots, the state argues, he was convicted of only three offenses, and those offenses were separate. We disagree.

{¶ 21} Lanier fired the shots at the same victim with the same gun at the same location in rapid succession. He did not pause or reload the gun. This court has previously stated, "The murder or assault of a single victim by a single perpetrator who fires multiple gunshots often results in only a single punishment. The perpetrator's discharge of gunshots in rapid succession either constitutes a single, continuous act or is evidence of a single animus to harm the victim with some of the attacker's shots achieving his purpose and some striking wide of the mark."[31]

{¶ 22} *Johnson* supports the result that the conduct in this case involved a single occurrence. In fact, the plurality opinion in *Johnson* stated, "We have consistently recognized that the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence. This is a broad purpose and ought not to be watered down with artificial and academic equivocation regarding the similarities of the crimes."[32]

---

**30.** *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting); *Craycraft*, 2011-Ohio-413, 2011 WL 334670, at ¶ 15.

**31.** *State v. Jackson*, 1st Dist. No. C–090414, 2010-Ohio-4312, 2010 WL 3565487, ¶ 25; see also *State v. Gandy*, 1st Dist. No. C–070152, 2010-Ohio-2873, 2010 WL 2543911, ¶ 11; *Lanier I* at ¶ 29–32.

**32.** *Johnson* at ¶ 43.

{¶ 23} Thus, we hold that the three offenses in this case were not committed separately or with a separate animus as to each. Therefore, they were allied offenses of similar import and should have been merged for sentencing. We vacate the sentences imposed in this case and remand the case to the trial court for resentencing on only one of the three offenses consistent with this opinion.

Sentences vacated
and cause remanded.

SUNDERMANN and FISCHER, JJ., concur.