[Cite as *State v. Evans*, 2011-Ohio-2356.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100028 |
| | | TRIAL NO. B-0902659 |
| Plaintiff-Appellee, | : | |
| | | *D E C I S I O N.* |
| vs. | : | |
| MARK EVANS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  May 18, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott Rubenstein*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN, Judge.**

{¶1}     Defendant-appellant Mark Evans appeals his convictions on one count of voluntary manslaughter and three counts of felonious assault, pursuant to an agreed plea and sentence.  In three assignments of error, he challenges (1) the trial court's imposition of multiple sentences for allied offenses of similar import; (2) the voluntariness of his guilty pleas; and (3) the constitutional effectiveness of his trial counsel.  Finding merit only in his first assignment of error, we vacate the sentences for the voluntary-manslaughter and felonious-assault offenses involving Kevin Gandy and remand this case for resentencing on only one of those offenses.  We otherwise affirm the trial court's judgment and sentences.

### I.   Evans's Plea Agreement

{¶2}     Prior to trial, Evans agreed to plead guilty to one count of felonious assault involving Deanthony Gandy, one count of felonious assault involving Jamar Gandy, one count of voluntary manslaughter involving Kevin Gandy, and one count of felonious assault involving Kevin Gandy.   In exchange for his guilty pleas, the state dismissed a murder count involving Kevin Gandy and agreed to sentences that would result in an aggregate term of 18 years' incarceration.  The state also dismissed two aggravated-robbery and robbery counts arising from a separate incident.

{¶3}     At a subsequent sentencing hearing, the trial court imposed the agreed sentences: concurrent five-year terms of incarceration for the three counts of felonious assault, a consecutive  ten-year term for the single count of voluntary manslaughter, and one consecutive three-year term for the firearm specifications included in all the counts, for an aggregate prison term of 18 years.

### II.  Allied Offenses of Similar Import

{¶4}  In his first assignment of error, Evans argues that the trial court erred in imposing separate sentences for the voluntary manslaughter and felonious assault relating to Kevin Gandy because they were allied offenses of similar import under R.C. 2941.25.  We agree.

{¶5}  In *State v. Underwood*, the Ohio Supreme Court held that "when a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of the sentence even though it was jointly recommended by the parties and imposed by the court."[1]  The court further held that the imposition of multiple sentences for allied offenses of similar import constitutes plain error even when the defendant has received concurrent sentences.[2]

{¶6}  Under R.C. 2941.25, a trial court, in a single proceeding, may convict and sentence a defendant for two or more offenses " 'having as their genesis the same criminal conduct or transaction,' " if the offenses (1) are not allied offenses of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense.[3]

{¶7}  In *State v. Johnson*, the Ohio Supreme Court held that "when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled)."[4]  While all seven justices concurred in the syllabus overruling *Rance*, they could not reach a majority opinion with

---

[1] 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph one of the syllabus.
[2] Id. at ¶30.
[3] See *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 65-66, 461 N.E.2d 892, quoting *State v. Moss* (1982), 69 Ohio St.2d 515, 519, 433 N.E.2d 181; see, also, *State v. Johnson*, 128 Ohio St.3d 107, 2010-6314, ___N.E.2d ___, at ¶51.
[4] *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6314, ___N.E.2d ___, at paragraph one of the syllabus.

regard to the analysis that courts should employ in determining whether two or more offenses are allied offenses of similar import under R.C. 2941.25(A).[5] The justices did, however, uniformly agree that the conduct of the accused must be considered.[6] Consequently, if the evidence adduced at trial reveals that the state relied upon the exact same conduct to support the two offenses and that the offenses were committed neither separately nor with a separate animus as to each, then the defendant is afforded the protection of R.C. 2941.25, and the trial court errs in imposing separate sentences for the offenses.[7]

{¶8}    In this case, Evans was convicted of the voluntary manslaughter and felonious assault of Kevin Gandy, pursuant to a plea agreement. The convictions resulted from an altercation on April 11, 2009, between Evans and Jamar, Deanthony, and Kevin Gandy. Evans had confronted Jamar, Deanthony, and Kevin, and had accused Jamar of robbing one of his friends. An argument ensued. Evans told Kevin that if he came off the porch of a house, he had something for him. When Kevin stepped down from the porch, Evans pulled a silver "38 special" from his waistband and fired the gun at Jamar, Deanthony, and Kevin as they ran back into the house. The bullets struck Kevin multiple times in the back and arm, causing his death.

{¶9}    Evans pleaded guilty to voluntary manslaughter, under R.C. 2903.03, for knowingly causing the death of Kevin Gandy while under the influence of sudden passion or in a sudden fit of rage brought on by serious provocation that had been occasioned by Gandy and that was reasonably sufficient to incite Evans to use deadly force. He further pleaded guilty to felonious assault, under R.C. 2903.11(A), for

---

[5] Id. at ¶47-52 (Brown, C.J., Pfeifer, J., and Lundberg Stratton, J., concurring); Id. at ¶59-71 (O'Connor, J., Lanzinger, J., and Cupp, J., concurring in judgment only); Id. at ¶72-83 (O'Donnell, J., separately concurring).
[6] See, id. at ¶44; see also ¶68 (O'Connor, J., concurring in judgment); see, also, ¶78 (O'Donnell, J., separately concurring); see, also, *State v. Hopkins*, 10th Dist. No. 10AP-11, 2011-Ohio-1591, at ¶5.
[7] R.C. 2941.25(B); *Johnson*, supra, at ¶49 and 51.

knowingly causing or attempting to cause physical harm to Gandy by means of a deadly weapon.

{¶10}   In comparing the elements of Evans's offenses in the factual context in which they arose, we conclude that Evans committed the voluntary manslaughter and the felonious assault of Kevin Gandy with the same conduct.  Here, the same shots Evans fired at Gandy with the purpose to cause him physical harm also resulted in his death.  As a result, the two offenses were allied offenses of similar import.  Having determined that they were allied offenses of similar import, we must now consider, pursuant to R.C. 2941.25(B), whether the offenses were committed with a single animus or as part of a single course of conduct.

{¶11}   Here, Evans pulled out a pistol and fired three shots in rapid succession at Gandy.  Evans's motive was the same and was exhibited in a continuous sequence of acts intended to inflict serious injury upon Gandy.  This single course of conduct embodied both offenses.[8]   Because the voluntary manslaughter and felonious assault involving Gandy were allied offenses of similar import, committed in a single course of conduct with a single animus, Evans was entitled to the protection of R.C. 2941.25.  Accordingly, the trial court erred in sentencing him for both offenses.  As a result, we sustain his first assignment of error.

### III. Voluntariness of the Guilty Plea

{¶12}   In his second assignment of error, Evans contends that his guilty pleas were not knowing, intelligent, or voluntary.

{¶13}   In determining whether to accept a guilty plea, the trial court must determine whether the defendant is knowingly, voluntarily, and intelligently entering

---

[8] See *State v. Lanier*, 1st Dist. No. 08162, 2011-Ohio-898, at ¶20-21.

the plea.[9]  For this reason, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C).  While the court must strictly comply with Crim.R. 11 by informing the defendant about the constitutional rights set forth in Crim.R. 11(C),[10] the court need only substantially comply with the rule with respect to the nonconstitutional rights set forth in section (c).[11]  The term "substantial compliance" means that the defendant subjectively understands the implications of his plea and the rights he is waiving.[12]  When a defendant challenges the acceptance of his guilty plea on the basis that it was not knowingly, intelligently, or voluntarily made, he must show a prejudicial effect.[13]

{¶14}    Evans has not provided this court with any specific reasons why his pleas were invalid, and our review of the record reveals that the trial court afforded Evans all the protections of Crim.R. 11.  During the plea hearing, the trial court personally addressed Evans and appropriately determined that he understood the nature of the charges against him, the maximum possible penalties, and that he was voluntarily pleading guilty.  The trial court further determined that Evans understood the effects of the guilty pleas by informing him that he was admitting to the facts of the charges as stated in the indictment and the bill of particulars.  And the court informed Evans of the constitutional rights he was waiving by pleading guilty to the charges.   Because Evans has failed to demonstrate that his guilty pleas were made unknowingly, involuntarily, or unintelligently, we overrule his second assignment of error.

### IV. Ineffective Assistance of Trial Counsel

---

[9] Crim.R. 11(C).
[10] *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.
[11] *State v.  Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.
[12] *State v. Nero* (1999), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
[13] *Stewar*t, supra, at 93.

**{¶15}**    In his third assignment of error, Evans contends that his trial counsel's failure to object to the trial court's imposition of separate sentences for the voluntary manslaughter and felonious assault involving Kevin Gandy on the basis that the offenses were allied offenses of similar import deprived him of the right to the effective assistance of counsel as guaranteed by the Sixth Amendment.

**{¶16}**    But based upon our disposition of Evans's first assignment of error, the trial court's error in imposing separate sentences for these offenses must be corrected on remand.   As a result, whether trial counsel was ineffective for not objecting to the error is moot, and we need not address that issue in this appeal.[14]

### V. Conclusion

**{¶17}**    In conclusion, having found merit in Evans's first assignment of error, we vacate the sentences for the voluntary manslaughter and felonious assault involving Kevin Gandy and remand this cause for the imposition of a single sentence for those two offenses. We affirm the trial court's judgment and sentences in all other respects.

Judgment accordingly.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please Note:
> The court has recorded its own entry this date.

---

[14] See App.R. 12(A)(1)(c); *State v. Sidibeth*, 10th Dist. No. 10AP-331, 2011-Ohio-712, at ¶65.