[Cite as *State v. Mackey*, 2011-Ohio-2529.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-100311 |
| | | C-100312 |
| Plaintiff-Appellee, | : | C-100313 |
| | | C-100314 |
| vs. | : | TRIAL NOS. 09TRD-31028A&B |
| | | 09CRB-18606A&B |
| COURTNEY MACKEY, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed from are: Affirmed in C-100311 and C-100312; Affirmed in Part, Sentences Vacated, and Cause Remanded in C-100313 and C-100314

Date of Judgment Entry on Appeal: May 27, 2011

*Ernest F. McAdams, Jr.*, Cincinnati City Prosecutor, and *Nicholas Klingensmith*, Assistant City Prosecutor, for Plaintiff-Appellee,

*David A. Back*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1} In these consolidated appeals, defendant-appellant Courtney Mackey ("Mackey") appeals from the judgments of the Hamilton County Municipal Court convicting her on one count of driving under a financial-responsibility-law suspension, one count of improper backing, one count of obstructing official business, and one count of falsification. Because the obstructing-official-business and falsification offenses were allied offenses of similar import committed in a single course of conduct and with a single animus, we vacate the separate sentences imposed for those offenses, and we remand those cases to the trial court for sentencing on only one of the two offenses. In all other respects, we affirm.

{¶2} On April 19, 2009, after Patricia Richardson had returned to her vehicle that she had illegally parked near the intersection of Vine and Green Streets in Cincinnati, another vehicle backed into it and damaged it. Cincinnati Police Officer Quiana Campbell arrived at the scene of the accident. Campbell concluded that the driver of the vehicle that had struck Richardson's vehicle had violated the city's ordinance on backing, and she asked that driver for identification. The driver, who stated that she had not seen Richardson's vehicle, identified herself as Ebony Mackey, and she provided Ebony Mackey's social-security number. Campbell issued Ebony Mackey a citation for the traffic violation.

{¶3} In June 2009, Ebony Mackey appeared before the trial court, based on the citation, and claimed that she was not involved in the accident. A prosecutor appeared, as did Richardson and Campbell, who both agreed that Ebony Mackey was not the woman who had been involved in the collision two months earlier.

2

{¶4} After an investigation, Campbell charged Mackey, who is Ebony's sister and whose driver's license was suspended on the day of the accident, with the backing violation and with the offense of driving under a suspended license, in the cases numbered 09TRD-31028A and 09TRD-31028B. In addition, in the cases numbered 09CRB-18606A and 09CRB-18606B, Campbell charged Mackey with falsification and obstructing official business based on the false identification information that Mackey had given her at the scene of the accident.

{¶5} The cases were heard together at a nonjury trial. Richardson testified and identified Mackey as the driver of the vehicle that had backed into her vehicle. Campbell also testified. She identified Mackey as the person whom she had cited for improper backing and the person who had stated that she had not seen Richardson's parked vehicle. Further, the state offered into evidence a certified copy of Mackey's license suspension that had been in effect on April 19, 2009. The trial court convicted and sentenced Mackey for all four offenses.

{¶6} In Mackey's second assignment of error, which we address first, she challenges the judgment of conviction in the case numbered 09TRD-55767. But the record does not contain a notice of appeal from that case, and therefore, the assignment of error related to that case number is not properly before us. Accordingly, we do not reach the merits of the second assignment of error.

## Sufficiency-of-the-Evidence Claim

{¶7} In her third assignment of error, Mackey contends that her conviction for improper backing was not supported by sufficient evidence. Mackey was convicted of violating Cincinnati Municipal Code 506-28, which provides that "[b]efore backing, operators of vehicles shall give ample warning, and while backing shall exercise vigilance not to injure persons or property on the street or highway."

{¶8}    Mackey does not quarrel with the sufficiency of the identification evidence or the evidence establishing that Richardson's vehicle was damaged.  She contends, however, that the state presented no evidence demonstrating that she had failed to give ample warning before backing or that she had failed to use vigilance while backing into Richardson's illegally parked vehicle.

{¶9}    Mackey ignores Richardson's testimony that her vehicle was not just stationary, but that it had been parked, as well as the testimony from Campbell that Mackey had stated at the scene that she had not seen Richardson's vehicle.  This testimony supported an inference that Mackey had failed to exercise vigilance while backing her vehicle into Richardson's vehicle, even though Richardson's vehicle had been illegally parked.

{¶10}   After viewing the evidence and all the reasonable inferences, we hold that any rational trier of fact could have found all the elements of the improper backing beyond a reasonable doubt.[1]

### Weight-of-the-Evidence Claim

{¶11}   In her fourth assignment of error, Mackey argues that her convictions were against the manifest weight of the evidence.

{¶12}   When the court reviews the record on a weight-of-the-evidence challenge, the court sits as a "thirteenth juror" and may disagree with the trier of facts' resolution of disputed facts.[2]  If after reviewing the record and weighing the evidence and the testimony, the reviewing court determines that the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the

---

[1]  *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781.
[2]  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

defendant guilty, then the conviction should be reversed and a new trial ordered.[3] But the power to do so is discretionary and should only be exercised " 'in the exceptional case in which the evidence weighs heavily against the conviction.' "[4]

{¶13}   In attacking the trial court's finding of guilty, Mackey describes Richardson's and Campbell's identification testimony as "suspect" and "flawed."   But both women unequivocally identified Mackey at trial, and we perceive no basis to dismiss their testimony as unreliable.   We certainly cannot conclude that the trial court lost its way and committed a manifest miscarriage of justice by crediting their testimony.   Accordingly, we overrule the fourth assignment of error.

### Allied Offenses of Similar Import

{¶14}   In her first assignment of error, Mackey contends that obstructing official business and falsification were allied offenses of similar import committed neither separately nor with a separate animus as to each and, therefore, that sentencing her for both offenses violated R.C. 2941.25, Ohio's multiple-count statute.

{¶15}   Under R.C. 2941.25, a trial court, in a single proceeding, may convict and sentence a defendant for two or more offenses " ' having as their genesis the same criminal conduct or transaction,' " if the offenses (1) were not allied offenses of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense.[5]

{¶16}   In *State v. Johnson*,[6] the Ohio Supreme Court abandoned the abstract-elements test of *State v. Rance*[7] and held that "when determining whether two offenses

---

[3]  Id.
[4]  Id., quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
[5]  *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 65-66, 461 N.E.2d 892, quoting *State v. Moss* (1982), 69 Ohio St.2d 515, 519, 433 N.E.2d 181; see, also, *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶51; *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.
[6]  128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.
[7]  85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.

are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."[8]    All seven justices concurred in the syllabus overruling *Rance*.  Although the justices could not reach a majority opinion with regard to the analysis that courts should use in determining whether two or more offenses are allied offenses of similar import under R.C. 2941.25(A),[9] they uniformly agreed that the conduct of the accused must be considered.[10]    Therefore, when, as here, there has been a trial, we look to the evidence adduced at trial, and if that evidence reveals that the state relied upon the "same conduct" to prove the two offenses, and that the offenses were committed neither separately nor with a separate animus to each, then the defendant is afforded the protections of R.C. 2941.25, and the trial court errs by imposing separate sentences for the offenses.[11]

{¶17}    To consider Mackey's conduct in its proper context, we must identify the conduct proscribed by the statutory sections that the court found Mackey guilty of violating.  The obstructing-official-business statute, R.C. 2921.31(A), provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."  R.C. 2921.13(A)(3), the relevant subsection of the falsification statute, states that "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when * * * [t]he statement is made with purpose to mislead a public official in performing the public official's official function."

---

[8] *State v. Johnson*, supra, syllabus.
[9] Id. at ¶47-52 (Brown, C.J.); id. at ¶59-71 (O'Connor, J.); id. at ¶72-83 (O'Donnell, J.)
[10] Id. at syllabus.
[11] R.C. 2941.25(A); see, also, R.C. 2941.25(B); *Johnson*, supra, at ¶56.

{¶18}   Mackey was found guilty of the obstructing statute upon evidence that she falsely identified herself to Officer Campbell, who had been investigating an accident Mackey had been involved in while driving under a suspended license.   The false information Mackey gave impeded the officer from performing her official duties, where the officer issued a citation to the wrong individual and appeared in court for a case accusing the wrong person.   There was some evidence that Mackey also impeded a judge and a prosecutor from doing their duties, but the consideration of these consequences stray from the focus of our inquiry, which is Mackey's conduct.

{¶19}   Mackey was found guilty of the falsification statute upon evidence that she had falsely identified herself to Officer Campbell, the investigating officer, after she had been involved in an accident while driving under a suspended license, to prevent the officer from citing her.

{¶20}   In this case, the evidence reveals that the state relied upon the same conduct—Mackey's conduct of falsely identifying herself to Officer Campbell—to prove both obstructing official business and falsification.   Thus, the offenses were allied offenses of similar import.

{¶21}   Having determined that the offenses were allied offense of similar import, we must now consider, pursuant to R.C. 2941.25(B), whether the offenses were committed as part of a single course of conduct or with a single state of mind.   And we hold that they were.

{¶22}   The record shows that Mackey violated both statutes by one act—falsely identifying herself to Officer Campbell at the scene of the accident.   And the record reflects that her animus or "immediate motive" in committing each offense was to prevent Officer Campbell from issuing citations to her, which was a part of Campbell's

official duty as a police officer.[12]   Therefore, based on the evidence adduced at trial, Mackey's violation of both statutes involved a single course of conduct and a single motive.

{¶23}   Where the obstructing-official-business and falsification offenses were allied offenses of similar import, committed in a single course of conduct with a single animus, Mackey was entitled to the protection of the multiple-counts statute. Accordingly, the trial court erred in sentencing her for both offenses.   As a result, we sustain her first assignment of error.

### Conclusion

{¶24}   In conclusion, in the appeals numbered C-100311 and C-100312, we affirm the judgments of the trial court convicting Mackey of driving under a financial-responsibility-law suspension and improper backing.   In the appeals numbered C-100313 and C-100314, we affirm the trial court's finding that Mackey had committed obstructing official business in violation of R.C. 2921.31(A) and falsification in violation of R.C. 2921.13(A)(3).   But because the record demonstrates that those offenses were allied offenses of similar import committed neither separately nor with a separate animus as to each, Mackey may be sentenced for only one.  Thus, we vacate the separate sentences for these offenses and remand the cases to the trial court for the imposition of a single sentence for the two offenses.

Judgment accordingly.

**HILDEBRANDT, P.J.**, and **SUNDERMANN, J.,** concur.
Please Note:

The court has recorded its own entry on the date of the release of this decision.

---

[12]  *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 397 N.E.2d 1345.