[Cite as *State v. Drummonds*, 2011-Ohio-5915.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110011 |
| | | TRIAL NO. B-1002197 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANDRE DRUMMONDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 18, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hodges*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1} Defendant-appellant Andre Drummonds appeals from two convictions for rape under R.C. 2907.02(A)(1)(b). We find no merit in his sole assignment of error, and we affirm the trial court's judgment.

{¶2} The record shows that Drummonds was originally indicted on two counts of rape and two counts of gross sexual imposition. All four counts involved the same victim and occurred on the same day. Drummonds eventually pleaded guilty to the two rape counts, and the state dismissed the two counts of gross sexual imposition. The trial court sentenced him to eight years' imprisonment on each count, to be served consecutively. This appeal followed.

{¶3} In his sole assignment of error, Drummonds contends that the trial court improperly convicted him of both counts of rape. He argues that they were allied offenses of similar import that were not committed separately or with a separate animus as to each. This assignment of error is not well taken.

{¶4} First, the state argues that Drummonds waived the issue by failing to raise it in the trial court. This argument is incorrect. The Ohio Supreme Court has held that the imposition of multiple sentences for allied offenses of similar import is plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31; *State v. Evans*, 1st Dist. No. C-100028, 2011-Ohio-2356, ¶5.

{¶5} Under R.C. 2941.25, a trial court, in a single proceeding, may convict and sentence a defendant for two or more offenses if the offenses (1) are not allied offenses of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense. *Evans*, supra, at ¶6. "Thus, for a court to merge multiple findings of guilt into one conviction, the defendant must have committed allied offenses

of similar import both together and with the same animus." *State v. Shields*, 1st Dist. No. C-100362, 2011-Ohio-1912, ¶15.

{¶6} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court changed the analysis that courts are to apply in allied-offense cases. *State v. Lanier*, 192 Ohio App.3d 762, 2011-Ohio-898, 950 N.E.2d 600, ¶9. It specifically overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. *Johnson*, supra, syllabus; *Lanier*, supra, ¶9. After *Johnson*, we look to the evidence and, "if that evidence reveals that the state relied upon the 'same conduct' to prove the two offenses, and that the offenses were committed neither separately nor with a separate animus to each, then the defendant is afforded the protections of R.C. 2941.25, and the trial court errs by imposing separate sentences for the offenses." *State v. Strong*, 1st Dist. Nos. C-100484 and C-100486, 2011-Ohio-4947, ¶67, quoting *State v. Mackey*, 1st Dist. Nos. C-100311, C-100312, C-100313, and C-100314, 2011-Ohio-2529, ¶16.

{¶7} Drummonds argues that the record does not demonstrate that the two counts of rape were committed separately or with a separate animus as to each. One count involved digital penetration of the victim's vagina and the other involved cunnilingus.

{¶8} This court has held, post *Johnson*, that two counts of rape involving different types of sexual activity, vaginal intercourse and digital penetration, were committed separately. We stated, "The evidence demonstrated that the vaginal intercourse and the digital penetration involved distinct, different kinds of sexual activity. Thus, they were separate offenses for merger purposes, even though they were committed in the course of the same sexual encounter. Because these offenses involved different, distinct types of sexual activity, they each constituted a separate crime, and

3

their merger is not required by R.C. 2941.25(B)." *Strong*, supra, at ¶71. Accord *State v. Gonzalez*, 193 Ohio App.3d 385, 2011-Ohio-1542, 952 N.E.2d 502, ¶52; *State v. Williams*, 8th Dist. No. 94616, 2011-Ohio-925, ¶60. Courts, including this one, had reached the same result in pre-*Rance* cases, as well. See *State v. Nicholas* (1993), 66 Ohio St.3d 431, 434-435, 613 N.E.2d 225; *State v. Gowdy* (June 26, 1998), 1st Dist. No. C-970359, reversed on other grounds, 88 Ohio St.3d 387, 2000-Ohio-355, 727 N.E.2d 579.

{¶9}    In this case, even though no trial had occurred and Drummonds had pleaded guilty to the two counts of rape, the record shows that the counts involved two distinct types of sexual activity. Therefore, the two offenses were separate, and the trial court did not err in failing to merge them for sentencing. We overrule Drummonds's assignment of error and affirm his convictions.

Judgment affirmed.


**HILDEBRANDT** and **HENDON, JJ.,** concur.


Please Note:
    The court has recorded its own entry this date.