[Cite as *State v. Glenn*, 2013-Ohio-1652.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97314**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERREL T. GLENN

DEFENDANT-APPELLANT

---

**JUDGMENT**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-535072
Application for Reopening
Motion No. 459018

**RELEASE DATE:** April 19, 2013

**FOR APPELLANT**

Jerrel T. Glenn
Inmate No. 603-951
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43302


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Jerrel T. Glenn has filed a timely application for reopening pursuant to App.R. 26(B). Glenn is attempting to reopen the appellate judgment that was rendered in *State v. Glenn*, 8th Dist. No. 97314, 2012-Ohio-3075, which affirmed his conviction on four counts of felonious assault and two counts of aggravated robbery. For the following reasons, we decline to reopen Glenn's original appeal.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Glenn must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Glenn must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696.

*State v. Smith*, *supra*, at ¶ 7.

**{¶4}** In addition, the Supreme Court of Ohio, in *Spivey, supra*, at 25, held that:

> In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed 674, is the appropriate standard to

assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

{¶5} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones* at 752; *State v. Gumm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶6} In *Strickland v. Washington, supra,* at 691, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant-appellant to second guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has firmly established that appellate counsel possesses the sound discretion to decide which issues are the most fruitful arguments on appeal. Appellate counsel possesses the

sound discretion to winnow out weaker arguments on appeal and to focus on one central issue or at most a few key issues. *Jones* at 752.

{¶7} In support of his claim of ineffective assistance of appellate counsel, Glenn raises three proposed assignments of error. Glenn's first proposed assignment of error states:

> Trial counsel was ineffective for failure to object at trial to the multiple firearm sentences imposed on appellant at trial.

{¶8} Glenn, through his first proposed assignment of error, argues that the trial court erred by imposing three separate three-year consecutive terms of incarceration with regard to three firearms specifications. Specifically, Glenn argues that all of the three-year firearm specifications should have merged for sentencing under "R.C. 2929.71(B) [sic]".

{¶9} The issue of multiple consecutive terms of incarceration, vis-a-vis conviction for multiple firearms specifications, was previously raised and addressed through Glenn's original appeal. This court held,

> In his fourth assignment of error, Glenn argues the trial court erred by sentencing him to three consecutive three-year terms on the firearm specifications. He contends the court was required by law to merge multiple firearm specifications for sentencing if the specifications involve the same "act or transaction." In support of this argument, Glenn relies upon R.C. 2929.14(D)(1).
>
> R.C. 2929.14(D)(1)(b), as it existed at the time of resentencing, prohibited a trial court from imposing more than one prison term for multiple firearm specifications if the specifications were committed as part of the same act or transaction. However, R.C. 2929.14(D)(1)(g) provided an exception for certain felonies including felonious assault and aggravated robbery. * * *

The sentencing entry states that Glenn was found guilty of four counts of felonious assault (Counts 4, 5, 11, and 12) and two counts of aggravated robbery (Counts 6 and 7). All of these charges included one- and three-year firearm specifications. Under R.C. 2929.14(D)(1)(g), the court was required to impose prison terms for the two most serious firearm specifications against that victim and had discretion to impose a sentence for the third firearm specification. *State v. Worth*, 10th Dist. No. 10AP-1125, 2012-Ohio-666, ¶ 96. * * *.

*Glenn*, *supra*, at ¶ 30.

**{¶10}** The doctrine of res judicata prevents this court from reopening Glenn's original appeal based on his first proposed assignment of error. Errors of law that were previously raised through an appeal are barred from further review based on the operation of res judicata. *See generally State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The Supreme Court of Ohio has also established that a claim of ineffective assistance of counsel will be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992).

**{¶11}** Since the issue of multiple and consecutive three-year terms of incarceration, with regard to the three-year firearm specifications, has already been raised and found to be without merit on direct appeal, we find that the doctrine of res judicata prevents further review of the issue. We further find that the application of the doctrine is not unjust.

**{¶12}** Glenn's second proposed assignment of error in support of his application for reopening states:

Trial counsel was ineffective for failing to request for complicity or a lessor [sic] included offenses of attempted as the underlying offense.

{¶13} Glenn, through his second proposed assignment of error, argues that appellate counsel was ineffective on appeal by failing to raise an assignment of error that dealt with lesser included offenses. Specifically, Glenn argues that trial counsel was ineffective for failing to request a jury instruction with regard to "attempt" as to the offenses of felonious assault and aggravated robbery.

{¶14} The decision to request instructions on lesser included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. *State v. Griffie*, 74 Ohio St.3d 332, 1996-Ohio-71, 658 N.E.2d 764; *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980), *cert. denied*, 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102 (1980).

{¶15} It must also be noted that a criminal defendant is not entitled to a jury instruction on the lesser included offenses of felonious assault and aggravated robbery where the defendant has denied participation in the originally charged offenses. *State v. Lewis*, 8th Dist. No. 95964, 2011-Ohio-6155; *State v. Jordan*, 8th Dist. No. 91413, 2009-Ohio-4037; *State v. Gholston*, 8th Dist. No. 88742, 2007-Ohio-4053. Herein, a review of the record clearly demonstrates that Glenn vehemently denied any responsibility for the charged offenses of felonious assault and aggravated robbery. Thus, jury instructions as to the lesser included offenses of felonious assault and aggravated robbery were not mandated, and appellate counsel was not ineffective for not

raising the issue on appeal. *Compare State v. Kidder*, 32 Ohio St.3d 279, 513 N.E.2d 311 (1987); *State v. Wilkins*, 64 Ohio St.2d 382, 415 N.E.2d 303 (1980).

{¶16} Glenn's third proposed assignment of error in support of his application for reopening states:

> Trial counsel was ineffective for failing to raise at trial the multiple offenses R.C. 2941.25 that were all committed at the same time which were allied offenses or the trial committed plain error 52(B).

{¶17} Glenn, through his third proposed assignment of error, argues that appellate counsel was ineffective by failing to argue improper sentencing by the trial court. Specifically, Glenn argues that the offenses of felonious assault and aggravated robbery should have merged for sentencing. Glenn's third proposed assignment of error lacks merit.

{¶18} This court has established that separate crimes committed against separate victims are not subject to merger. *State v. Collins*, 8th Dist. No. 95415, 2011-Ohio-3241. In addition, the offenses of aggravated robbery and felonious assault do not merge for purposes of sentencing where there is a break in the causal chain of events. *State v. Burton*, 8th Dist. No. 94449, 2011-Ohio-198.

{¶19} Glenn committed the offenses of felonious assault against two separate victims, the acts of shooting Kenneth L. Elsleger and Joseph D. Elsleger, which involved two separate and distinct animi. *State v. Lanier*, 192 Ohio App.3d 762, 2011-Ohio-898, 950 N.E.2d 600 (1st Dist.); *State v. Stall*, 3d Dist. No. 3-10-12, 2011-Ohio-5733; *State v. McCullough*, 12th Dist. Nos. CA2010-04-006 and CA2010-04-008, 2011-Ohio-992. In

addition, we have previously determined that the offenses of felonious assault and aggravated robbery were not subject to merger on the application of R.C. 2929.14(B)(1)(g), formerly R.C. 2929.14(D)(1)(g). Thus, appellate counsel was not required to argue on appeal the need to merge the sentences imposed for the offenses of felonious assault and aggravated robbery.

{¶20} Accordingly, we find that Glenn has failed to demonstrate a "genuine issue" as to whether he possesses a "colorable claim" of ineffective assistance of appellate counsel. Clearly, appellate counsel was not ineffective on appeal.

{¶21} Application for reopening is denied.

EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR