[Cite as *State v. Payne*, 2014-Ohio-3113.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                    :      APPEAL NO. C-130790
                                                         TRIAL NO. B-0510179
    Plaintiff-Appellant,                   :

    vs.                                        :      *O P I N I O N.*

QAWI PAYNE,                                        :

    Defendant-Appellee.                    :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  July 16, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*David Hoffman*, Office of the Hamilton County Public Defender, for Defendant-Appellee.


Please note: we have removed this case from the accelerated calendar.

**FISCHER, Judge**.

{¶1}    Plaintiff-appellant the state of Ohio appeals from the Hamilton County Common Pleas Court's judgment granting defendant-appellee Qawi Payne's "Motion to Modify Sentence."  Because the court had no jurisdiction to entertain the motion, we reverse the judgment.

{¶2}    Payne was convicted in 2006 upon jury verdicts finding him guilty on two counts of felonious assault and single counts of having weapons under a disability and carrying concealed weapons.  His convictions for both felonious assault in violation of R.C. 2903.11(A)(1) and felonious assault in violation of R.C. 2903.11(A)(2) were based on the same conduct:  wounding a single victim with a single gunshot.  But in 2007, bound by the Ohio Supreme Court's decision in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), and our decision in *State v. Coach*, 1st Dist. Hamilton No. C-990349, 2000 Ohio App. LEXIS 1901 (May 5, 2000), we overruled the allied-offenses challenge advanced in his direct appeal.  *See State v. Payne*, 1st Dist. Hamilton No. C-060437, ¶ 11 (June 29, 2007), *delayed appeal denied*, 131 Ohio St.3d 1471, 2012-Ohio-896, 962 N.E.2d 803.  And in 2011 and 2013, we declined to reconsider our 2007 decision.  *State v. Payne*, 1st Dist. Hamilton No. C-060437 (Apr. 15, 2011); *State v. Payne*, 1st Dist. Hamilton No. C-060437 (Mar. 27, 2013).

{¶3}    In September 2013, Payne again sought the protection of R.C. 2941.25 by filing with the common pleas court his "Motion to Modify Sentence."  Following a hearing, the common pleas court entered judgment granting the motion and entered a judgment of conviction, nunc pro tunc to 2006, sentencing Payne for only one of the two felonious-assault charges.

{¶4}   In this appeal, the state advances a single assignment of error, contending that the common pleas court lacked jurisdiction to grant the relief sought.  We agree.

{¶5}   Payne did not designate in his motion a statute or rule under which he might be afforded relief.  R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."  R.C. 2953.21(J).  Thus, Payne's motion was reviewable under the standards provided by the postconviction statutes.  *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶6}   But the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain the motion on its merits, because the motion did not satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23(A)(1).  And while a court always has jurisdiction to correct a void judgment, *see State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, the trial court's failure to afford Payne the protection of R.C. 2941.25 did not render his felonious-assault sentences void.  *See State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 8-18; *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 8.

{¶7}   Because the common pleas court lacked jurisdiction to entertain Payne's postconviction motion, we sustain the state's assignment of error and reverse the court's judgment granting the motion.  And we remand the matter to the common pleas court with instructions to enter judgment dismissing the motion and to vacate its 2013 "[m]odified" judgment of conviction.

Judgment reversed and cause remanded.

**HENDON, J.,** concurs.

**CUNNINGHAM, P.J.,** concurs in part and dissents in part.

**CUNNINGHAM, P.J.,** concurring in part and dissenting in part.

{¶8}   I concur with the majority's holding that the common pleas court lacked jurisdiction under the postconviction statutes to entertain Payne's postconviction motion.   But I dissent from its holding that the court lacked jurisdiction to grant Payne the relief sought in his motion.

{¶9}   As the majority notes, a court always has jurisdiction to correct a void judgment.   *Cruzado* at ¶ 18-19.   For the reasons set forth in my concurring and dissenting opinions in *Lee* and *Grant*, I would hold that a sentence imposed in contravention of R.C. 2941.25 is void and thus subject to review at any time.   And I would hold that Payne was entitled to the protection of R.C. 2941.25, because serious-harm felonious assault and deadly-weapon felonious assault are allied offenses of similar import, and the record does not permit a conclusion that the offenses were committed either separately or with a separate animus as to each.   *See State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, paragraph two of the syllabus; *State v. Lanier*, 192 Ohio App.3d 762, 2011-Ohio-898, 950 N.E.2d 600, ¶ 20-23 (1st Dist.).

{¶10} Accordingly, I would overrule the state's assignment of error and affirm the judgment granting Payne's motion.   And based upon the conflict noted in *Lee*, I would, on the authority of Article IV, Section 3(B)(4), of the Ohio Constitution, certify to the Ohio Supreme Court the following question:   "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?"   *See Lee* at ¶ 31.

Please note:

The court has recorded its entry on the date of the release of this opinion.