[Cite as *State v. Cooper*, 2012-Ohio-555.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110027 |
| | | C-110028 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1001973-B |
| | | B-1002258 |
| vs. | : | |
| | | *O P I N I O N.* |
| ALEC COOPER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Sentences Vacated in Part, and Causes Remanded

Date of Judgment Entry on Appeal:  February 15, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN, Presiding Judge.**

{¶1}    Defendant-appellant Alec Cooper appeals his convictions and sentences for two counts of aggravated robbery, one count of kidnapping, and two firearm specifications. The convictions stemmed from Cooper's involvement in two separate armed robberies. In two assignments of error, he argues (1) that the trial court erred in imposing separate sentences for the aggravated robbery and kidnapping offenses involving Fifth Third Bank because they were allied offenses of similar import committed by the same conduct and with the same animus, and (2) that the trial court failed to properly notify him of his postrelease-control obligations.

{¶2}    Finding merit in both assignments of error, we vacate the sentences for the aggravated-robbery and kidnapping offenses involving Fifth Third Bank and remand this case to the trial court for resentencing on only one of those offenses, and for the trial court to orally inform Cooper of his postrelease-control obligations in accordance with R.C. 2929.191. With respect to Cooper's sentence for the aggravated robbery involving the Cincinnati Credit Union, we remand this case to the trial court to orally inform Cooper of his postrelease-control obligations in accordance with R.C. 2929.191. In all other respects, we affirm the trial court's judgment.

*I. Cooper's Guilty Pleas and Sentences*

{¶3}    The record reflects that Cooper was indicted under two separate case numbers. In the case numbered B-1001973-B, Cooper was charged with aggravated robbery, robbery, and ten counts of kidnapping in connection with a theft at Fifth Third Bank. All the counts, except the robbery, were accompanied by firearm specifications. In the case numbered B-1002258, Cooper was charged with one count of aggravated robbery and five counts of robbery in connection with a theft at the Cincinnati Credit

2

Union. The aggravated-robbery count included a firearm specification. The trial court considered the two cases together.

{¶4}    The state filed a bill of particulars in the case numbered B-1001973-B that provided as follows:

> [O]n or about February 17, 2010, at approximately 0944 hours, in the vicinity of Fifth Third Bank, at 2632 Erie Ave., Robert Jackson and Rayshawn Anderson and Alec Cooper entered the bank. While the co-Defendants removed US currency from the registers, the Defendant was holding the victims; [sic] Artina Williams, Lillie Smith, Christie Miller, David Recker, Frank Winster, Amanda Henry, David Fender, Gina Hafner, Douglas Barnaclo, and Justin Bendi at gunpoint. The Defendants fled the bank to a stolen vehicle. The Defendant has a prior Domestic Violence conviction in the Hamilton County, Ohio Juvenile Court, which precludes defendant from possessing a firearm. The indictment is hereby incorporated into this Bill of Particulars.

{¶5}    Following a plea hearing, Cooper withdrew his not-guilty pleas and pleaded guilty in the case numbered B-1001973-B to aggravated robbery, an accompanying firearm specification, and one count of kidnapping. Cooper also pleaded guilty in the case numbered B-1002258 to aggravated robbery and an accompanying firearm specification. In exchange for his guilty pleas, the state dismissed the remaining charges and firearm specifications in each case.

{¶6}    At Cooper's plea hearing, the assistant prosecuting attorney read the following facts into the record with respect to the case numbered B-1001973-B:

3

On or about February 17, 2010, 2236 [sic] Erie Avenue. It's Fifth Third Bank in Hyde Park Square. Three robbers entered the bank. Again mask and gloves. One of them had a gun. The one with the gun remained in the lobby. Two others jumped over the counters. The customers and managers were terrorized. All were brought in where they could be seen. The one with the gun that was in the lobby was counting down the seconds, for instance, 45, 44, going down to what they thought was a time that they could stay in the bank and be safe. They wouldn't let the tellers touch any of the money. The people that jumped over the counter, themselves, are the ones that took the money. But it turned out to be a major mistake because the people, the defendant and his friend, the ones that let the tellers touch the money for them, they would put in some sort of dye pack. The robber[s], [sic] themselves, are the ones that took out the dye packs, themselves. When they fled the bank their car was again – this is a very, very, well planned robbery just like the first one. They got in their car. They got on Erie Avenue. The dye packs exploded and at that point because of the mixture and the dye pack and the tear gas located in that, it became impossible for them to remain in the car and at that point they had to throw away the money pack.

However, that didn't really stop the effect of the tear gas. They made it a couple streets in Hyde Park. The car had to be abandoned. Their clothes had to be thrown out, the gun was

4

thrown out and the mask was thrown out. There was [sic] a lot of people outside at that point. People walking their dogs. It was around 9:45 in the morning. The police were called. The three tried to make their get-away in a Cincinnati Country Club golf course and all three were caught nearby. Once they were caught and had all this stuff, Mr. Cooper's DNA came back on some of the items that came back from that robbery and then they went back and checked the mask and so forth that was recovered in the first robbery and that mask matched his DNA as well. Again, all of these events occurred in the City of Cincinnati, Hamilton County, Ohio.

{¶7} At Cooper's sentencing hearing, the trial court stated that it had read the victim-impact statements for each aggravated robbery, which had been included in the presentence-investigation report. The court told Cooper that it was particularly troubled by one victim-impact statement from Barb Shank, the manager at the Greater Cincinnati Credit Union. The trial court then quoted passages from Shank's victim-impact statement where she described the aggravated robbery. While the trial court stated that individuals in the two banks remembered Cooper because of his youth and his words, it did not discuss any facts related to the aggravated robbery or the kidnapping at Fifth Third Bank before imposing sentence.

{¶8} The trial court sentenced Cooper in the case numbered B-1001973-B to four years for the aggravated robbery, four years for the kidnapping offense, and three years for the firearm specification, and it ordered that the terms be served consecutively. In the case numbered B-1002258, the trial court sentenced Cooper to four years for the aggravated robbery to be served consecutively to a three-year term for the firearm

specification. The trial court ordered that the sentence in the case numbered B-1001973-B be served consecutively to the sentence in the case numbered B-1002258, for a total sentence of 18 years in prison.

### II. Allied Offenses

{¶9} In his first assignment of error, Cooper argues that the trial court erred in imposing separate sentences for the aggravated robbery and kidnapping in the case numbered B-1001973-B because they were allied offenses of similar import under R.C. 2941.25.

{¶10} Because Cooper did not raise this argument in the trial court, he has waived all but plain error. *See State v. Evans*, 1st Dist. No. C-100028, 2011-Ohio-2356, ¶ 5, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 30; *see also State v. Drummond*, 1st Dist. No. C-110011, 2011-Ohio-5915, ¶ 4.

{¶11} Under R.C. 2941.25, a trial court, in a single proceeding, may sentence a defendant for two or more offenses " 'having as their genesis the same criminal conduct or transaction,' " if the offenses (1) are not allied offenses of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense. *See State v. Bickerstaff*, 10 Ohio St.3d 62, 65-66, 461 N.E.2d 892 (1984), quoting *State v. Moss*, 69 Ohio St.2d 515, 519, 433 N.E.2d 181 (1982); *see also State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 51.

{¶12} In the syllabus of *State v. Johnson*, the Ohio Supreme Court held that "when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered (*State v. Rance* [1999], 85 Ohio St.3d 632, 710 N.E.2d 699, overruled)." All seven justices concurred in the syllabus overruling *Rance,* and they uniformly agreed that the conduct

of the accused must be considered. *See Johnson* at ¶ 44, ¶ 68 (O'Connor, J., concurring), and ¶ 78 (O'Donnell, J., concurring).

**{¶13}** Consequently, if the evidence adduced at trial reveals that the state relied upon the same conduct to support the two offenses, and that the offenses had been committed neither separately nor with a separate animus as to each, then the defendant is afforded the protection of R.C. 2941.25, and the trial court errs in imposing separate sentences for the offenses. R.C. 2941.25(B); *Johnson* at ¶ 49 and 51.

**{¶14}** In this case, Cooper pleaded guilty to aggravated robbery under R.C. 2911.01(A)(1), which provides that "[n]o person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall * * * have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." He further pleaded guilty to kidnapping under R.C. 2905.01(A)(2), which provides that "[n]o person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * to facilitate the commission of any felony or flight thereafter."

**{¶15}** The facts as set forth in the bill of particulars and at the plea hearing demonstrate that Cooper was found guilty of both the aggravated robbery and the kidnapping based upon his actions in brandishing a handgun to move Barnaclo to a common area in the bank. Cooper then held Barnaclo at gunpoint so that his co-defendants could take money from the bank. Cooper's conduct in moving and restraining Barnaclo with a handgun so that his co-defendants could take money satisfies the elements of both the aggravated robbery and the kidnapping. Because the state relied upon the same conduct to prove both offenses, the aggravated robbery and the kidnapping were allied offenses of similar import. *Johnson* at ¶ 49 and 51.

{¶16}   Having determined that the aggravated robbery and the kidnapping were allied offenses of similar import, we must now consider, pursuant to R.C. 2941.25(B), whether the offenses were committed with a single animus.   The state argues that the kidnapping of Barnaclo was committed with a separate animus from the aggravated robbery because Cooper "terrorized" Barnaclo and the other bank employees.   But the state did not indict Cooper for kidnapping under R.C. 2905.01(A)(3), which provides that "[n]o person by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person *to terrorize*, or to inflict serious physical harm on the other victim or another." (Emphasis added.)    Nor did the state move at any time to amend the indictment to charge Cooper with kidnapping under R.C. 2905.01(A)(3).

{¶17}   And while we do not mean to minimize the devastating impact of the aggravated robbery upon Barnaclo or the other Fifth Third Bank employees and customers, we have found no Ohio case law, nor has the state cited us any authority, to support its argument that the psychological impact of an offense upon a victim is dispositive as to whether the perpetrator of that offense acted with a separate animus under R.C. 2941.25(B).

{¶18}   Rather, in *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), and in *Johnson*, the Ohio Supreme Court held that courts should focus upon the offender's conduct to determine his state of mind.  *See Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 51; *see also State v. Hicks*, 8th Dist. No. 95169, 2011-Ohio-2780, ¶ 11.   In *Logan*, the court established the following guidelines for determining whether kidnapping and another offense are committed with a separate animus:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions. *Logan* at syllabus.

{¶19} Thus, the *Logan* court held that when determining whether kidnapping and another offense were committed with a separate animus, courts should focus on the nature and duration of the restraint used and whether it creates a risk of harm which is separable from that involved in the underlying offense. In these situations, *Logan* limits the phrase "separate animus" to actions that are secretive and temporally long, and to movement that is substantial. *See State v. Chaffer*, 1st Dist. No. C-090602, 2010-Ohio-4471, ¶ 11.

{¶20} In *Logan*, the Ohio Supreme Court held that an offender's conduct in forcing a victim into an alley, around a corner, and down a flight of stairs before raping her at knifepoint was committed without a separate animus. The court found that the movement of the victim had been slight, the detention brief, and that the victim had been released immediately after the commission of the underlying crime, compelling the

court's conclusion that the kidnapping had been merely incidental to the rape. *Logan*, 60 Ohio St.2d at 135-136, 397 N.E.2d 1345.

{¶21}    Similarly, in this case, the aggravated robbery lasted from 60 to 90 seconds.  During that time, Cooper and his co-defendants moved Barnaclo to the bank's lobby.  Cooper then held Barnaclo at gunpoint while counting down the seconds until the bank alarm would sound.  While Cooper held Barnaclo at gunpoint, his co-defendants jumped over the counter and began collecting money from the bank tellers' drawers.  Once his co-defendants had obtained the money, Cooper and his co-defendants left the bank to avoid being apprehended by the police.

{¶22}    Although Cooper was originally charged with ten counts of kidnapping, he pleaded guilty to a single count of kidnapping Barnaclo in violation of R.C. 2905.01(A)(2).  The record reflects that Cooper's detention of Barnaclo was brief, his movement of Barnaclo was slight, and that Barnaclo was released immediately following the commission of the aggravated robbery.[1]  *See State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, ¶ 22 (noting that *Logan* "has been considered authority for the proposition that kidnapping and robbery are allied offenses of similar import"); *see also Hicks,* supra, at ¶ 17-21; *State v. Sidibeh*, 192 Ohio App.3d 256, 2011-Ohio-712, 948 N.E.2d 995 (10th Dist.) (holding kidnapping to be incidental to and subject to merger with aggravated robbery, where the defendant moved the victims from the bathroom of a home to a common area and threatened to harm them if they did not cooperate); *State v. Stall*, 3rd Dist. No. 3-10-12, 2011-Ohio-5733, ¶ 18-23 (holding kidnapping to be subject to merger with aggravated robbery, where defendant's restraint

---

[1] Barnaclo, when asked in his victim impact statement to describe the facts of the offense mentions nothing about being moved from his office.  Rather, he simply "recalls that on February 17, 2010 when the robbers entered the bank, he was in his office and at one point, one of the suspects pointed the gun at him."

and movement of the victim from the front porch to the kitchen was incidental to the aggravated robbery).

{¶23} Furthermore, the record does not reveal any substantial increase in the risk of harm to Barnaclo separate from that involved in the commission of the aggravated robbery. *Compare Logan*, 60 Ohio St.2d at 135, 397 N.E.2d 1345 (stating that prolonged restraint in a bank vault to facilitate the commission of a robbery could constitute kidnapping, because the victim would be subject to an increased risk of danger); *Chaffer*, supra, at ¶ 15 (holding that defendant's movement of two bank employees from the parking lot to the inside of the bank, ordering them to lie on the floor, and then ordering them to stay in the bank vault significantly increased their risk of harm such that he had committed the kidnapping with a separate animus from the aggravated robbery); *State v. Champion*, 2nd Dist. No. 17176, 1999 Ohio App LEXIS 841 (Mar. 5, 1999) (holding that taping the victims' limbs and mouth and leaving them in a helpless condition exposed the victims to a substantially greater risk of harm than necessary for the accomplishment of the aggravated robbery). Given that Barnaclo's kidnapping was incidental to the aggravated robbery and did not subject him to a substantial increase in the risk of harm from that involved in the aggravated robbery, we cannot agree that Cooper committed the kidnapping with a separate animus.

{¶24} Because the aggravated robbery and kidnapping were allied offenses of similar import, committed in a single course of conduct with a single animus, Cooper was entitled to the protection of R.C. 2941.25. Accordingly, the trial court committed plain error in sentencing him for both offenses. We, therefore, sustain his first assignment of error.

### III. PostRelease Control

{¶25}   In his second assignment of error, Cooper argues that his sentences in the cases numbered B-1001973-B and B-1002258 are contrary to law because the trial court failed to orally inform him of his postrelease-control obligations at the sentencing hearing.  We agree.

{¶26}   R.C. 2967.28(B) provides as follows:

> Each sentence to a prison term for a felony of the first degree * * * that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.

{¶27}   R.C. 2929.19(B)(3)(c) requires "that the sentencing court notify the offender at the sentencing hearing that he will be supervised pursuant to R.C. 2967.28 and that the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender if he violates supervision or a condition of his post-release control." *See State v. Williams*, 1st Dist. No. C-081148, 2010-Ohio-1879, ¶ 20.

{¶28}   When a sentencing court fails to advise an offender about postrelease control at the sentencing hearing, and the offender is sentenced after July 11, 2006, the effective date of R.C. 2929.191, the trial court violates its statutory duty, and that part of an offender's sentence that is related to post release control is void.  *See State v. Brown*, 1st Dist. Nos. C-100390 and C-100310, 2011-Ohio-1029, ¶ 8 and 9, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26.  To remedy the postrelease-control defect, the trial court must employ the procedures set forth in R.C. 2929.191. *See Brown* at ¶ 8.

{¶29}   Our review of the record reveals that the trial court failed to advise Cooper at his sentencing hearing that he would be subject to a mandatory period of postrelease supervision following his release from prison, and that the parole board could impose a prison term of up to one-half of the prison term originally imposed, if he violated supervision or a condition of his postrelease control.  *See* R.C. 2929.19(B)(3)(c) and 2967.28(B).  As a result, we sustain his second assignment of error.

{¶30}   Having found merit in both assignments of error, we vacate the sentences for the aggravated robbery and kidnapping offenses in the case numbered B-1001973-B.  We remand this case to the trial court for resentencing on only one of those offenses and for the trial court to inform Cooper of his postrelease control obligations in accordance with R.C. 2929.191.  *See State v. Whitfield*, 124 Ohio St.3d, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus; *Williams*, supra, at ¶ 23-24.

{¶31}   With respect to the case numbered B-1002258, we remand this case to the trial court to inform Cooper of his postrelease-control obligations in accordance with R.C. 2929.191.  *See Williams*, supra, at ¶ 23-24.  We affirm the trial court's judgment in all other respects.

Judgment accordingly.

**CUNNINGHAM, J.,** concurs.
**FISCHER, J.,** concurs separately.

**FISCHER, J.,** concurring separately.

{¶32}   I concur with the foregoing opinion.  Under the current state of Ohio law and the facts of this case, the trial court erred in failing to notify Cooper of his postrelease-control obligations and in convicting him of both aggravated robbery and kidnapping.  I write separately, however, to explain my adherence to the separate-animus test of *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979), an early attempt to interpret the opaque and, thus, troublesome R.C. 2941.25.  *See State*

*v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 (plurality), ¶ 10-40 (detailing the unpredictable, ever-changing interpretations of this unaltered statute).

{¶33} In *Logan*, the Ohio Supreme Court recognized that "[l]ike all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances." *Logan* at 131. To facilitate this inquiry, the court provided guidelines for determining whether a defendant has committed kidnapping and another offense with a single animus. *See id.* at syllabus.

{¶34} At his trial, the evidence tended to show that Logan had approached a woman on the street, held a knife to her throat, and forced her into an alley. Under such duress, she accompanied him down the alley, around a corner, and down a flight of stairs, where he raped her at knifepoint. The jury returned guilty verdicts for both rape and kidnapping.

{¶35} In holding that these offenses should have merged into one conviction under R.C. 2941.25, the Ohio Supreme Court determined that they were committed with a single animus. *Logan,* 60 Ohio St.3d at 135-136, 397 N.E.2d 1345. The court reasoned that this extensive asportation of the victim at knifepoint did not demonstrate any substantial increase in the risk of harm separate from that involved in the rape itself. *Id.* at 135.

{¶36} Although I may not have reached the same conclusion under the same set of facts, the doctrine of stare decisis compels my adherence to the *Logan* court's separate-animus holding. *See, e.g., State v. Armstrong*, 1st Dist. No. C-100509, 2011-Ohio-6265, ¶ 32; *State v. Stall*, 3rd Dist. No. 3-10-12, 2011-Ohio-5733, ¶ 21 (compiling cases that have applied this test since *Johnson*). In light of the specific holding and facts in *Logan* and the record before this court, I cannot say that

Cooper's conduct with respect to his kidnapping conviction revealed an animus separate from that involved in his aggravated robbery conviction. For this reason, and those articulated in the foregoing opinion, I must concur.

Please Note:

    The court has recorded its own entry this date.