[Cite as *State v. Hodges*, 2013-Ohio-1195.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110630 |
| | | TRIAL NO. B-1006698 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CHRISTOPHER HODGES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and
Cause Remanded

Date of Judgment Entry on Appeal: March 29, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott A. Rubenstein*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Christopher Hodges was convicted of one count of attempt to commit felonious assault with a firearm specification, one count of having weapons while under disability, and two counts of attempt to commit improper discharge of a firearm at or into a habitation. Hodges now appeals, raising three assignments of error. For the following reasons, we vacate his prison terms for each attempt offense, and remand this cause for the trial court to merge those offenses and to impose one sentence under R.C. 2941.25. In all other respects, we affirm the judgment of the trial court.

## Background

{¶2} In October 2010, the grand jury returned an indictment charging Hodges with several offenses stemming from an altercation between Hodges and Demetrius Elliott. According to the bill of particulars,

> On 9/24/10, 11:21 am, at 5418 Winneste Ave., Defendant and Victim engaged in a verbal altercation. This escalated to the point when Defendant pulled a weapon and fired several shots at Victim striking him once and critically injuring him. Victim fired a shot back striking Defendant in the side. Defendant, while firing shots at Victim shot in the direction of an apartment building. Bullets were recovered in from [sic] 5417 Winneste and a bullet hole was discovered at 5411 Winneste. Because Defendant was convicted of Drug Trafficking in 2007, he

2

was under disability and precluded from possessing a firearm.

{¶3} Pursuant to a plea agreement, Hodges pleaded guilty to one count of attempt to commit felonious assault as defined by R.C. 2903.11(A)(2), in violation of R.C. 2923.02, with a firearm specification; one count of having weapons while under disability; and two counts of attempt to commit improper discharge of a firearm at or into a habitation as defined by R.C. 2923.161(A), also in violation of R.C. 2923.02, each with a firearm specification. At the sentencing hearing, the state conceded that the firearm specifications should merge, explaining that Hodges had "discharge[ed] the weapon in a quick manner, one bullet after the other. And you could see as the victim was running away, the pattern of bullets across this apartment building * * * ." The state continued, "But I think when you're talking about he was trying to purposely shoot this individual, but this is a populated area, people were out, and he knew there was an apartment building that was full of people and he was just firing off that gun like it was an old western shootout. That's what makes this case so serious." The trial court merged the three specifications, but sentenced Hodges separately on each offense, for an aggregate prison term of 11 years. This appeal followed.

{¶4} Previously-appointed counsel for Hodges filed a no-error brief stating that no meritorious issues existed to support Hodges's appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Contrary to that assertion, this court found that legal points arguable on the merits existed, particularly whether the trial court erred in imposing separate sentences on each attempt offense under R.C. 2941.25. We therefore granted counsel's motion to withdraw, appointed new counsel, and ordered further briefing. *State v. Hodges*, 1st Dist. No. C-110630, 2012-Ohio-2462, ¶ 8-9. Hodges now raises three assignments of error.

**Merger of Attempt Convictions**

{¶5}    In his first assignment of error, Hodges argues that the trial court erred in sentencing him separately for each attempt offense under Ohio's multiple-count statute, R.C. 2941.25.  The statute provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶6}    In light of the Ohio Supreme Court's syllabus holding in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, we have held that under R.C. 2941.25, "a sentence may be imposed for only one of multiple offenses if the record shows that the state relied upon the 'same conduct' to prove the offenses, and that the offenses were committed neither separately nor with a separate animus as to each." *State v. Campbell*, 2012-Ohio-4231, 978 N.E.2d 970, ¶ 10 (1st Dist.).  *Accord State v. Adams*, 1st Dist. No. C-120059, 2013-Ohio-926, ¶ 21; *State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 20 (1st Dist.); *State v. Cooper*, 1st Dist. Nos. C-110027 and C-110028, 2012-Ohio-555, ¶ 13; *State v. Johnson*, 195 Ohio App.3d 59, 2011-Ohio-

3143, 958 N.E.2d 977, ¶ 78 (1st Dist.). We review whether a trial court erred in imposing multiple sentences for multiple offenses under this statute de novo. *State v. Williams*, Slip Opinion No. 2012-Ohio-5699, ¶ 28.

{¶7} In applying R.C. 2941.25, we "consider the statutory elements of each offense in the context of the defendant's conduct." *Id.* at ¶ 20. Here, Hodges was convicted of one count of attempt to commit felonious assault, as defined by R.C. 2903.11(A)(2), and two counts of attempt to commit improper discharge of a firearm at or into a habitation, as defined by R.C. 2923.161(A)(1). Each attempt offense was a violation of R.C. 2923.02, which provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Thus, the offense of attempt incorporates the elements of the attempted offense. In this case, under the relevant felonious assault statute, "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordinance," and under the improper-discharge statute, "[n]o person, without privilege to do so, shall knowingly * * * [d]ischarge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual[.]" "A person acts knowingly, regardless of his purpose, where he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22.

{¶8} Although our record is not particularly well developed, it does reflect that during a verbal altercation, Hodges fired several gunshots at Demetrius Elliott "in a quick manner," and that while doing so, he shot in the direction of an apartment building. Thus, Hodges committed each attempt offense during the same shooting

sequence. The issue is whether this amounts to the "same conduct" for purposes of R.C. 2941.25.

{¶9} We are not without guidance. Since *Johnson*, courts have identified the discharge of multiple gunshots in quick succession as the "same conduct" under the multiple-count statute. For instance, in *State v. McClendon*, 2d Dist. No. 23558, 2011-Ohio-5067, the Second Appellate District rejected the state's argument that the defendant had "engaged in five separate acts" where he shot the same victim five times. *Id.* at ¶ 28. The court concluded that "there was but one criminal act/incident in which Defendant fired five shots at the same victim * * * all at the same time in rapid succession," and that, therefore, the felony-murder offenses "[arose] from and were committed by the same conduct." (Internal quotation marks and citations omitted.) *Id.* at ¶ 31-32; *see also State v. Evans*, 1st Dist. No. C-100028, 2011-Ohio-2356 (defendant committed voluntary manslaughter and felonious assault during a single course of conduct where he "fired three shots in rapid succession" at the victim).

{¶10} Courts have further held that similar offenses can be committed with the same conduct. For example, the Eighth Appellate District concluded that the offenses of felonious assault and the discharge of a firearm at or near a prohibited premises in violation of R.C. 2923.162(A)(3) (that is, upon or over a public road or highway) were committed by the same conduct where the defendant shot two individuals while standing in the middle of a street. *State v. Melton*, 8th Dist. No. 97675, 2013-Ohio-257, ¶ 54. Similarly, the Tenth Appellate District decided that the same offenses should have merged where the defendant shot at occupants of a vehicle traveling on a public road. *State v. Carson*, 2012-Ohio-4501, 978 N.E.2d 621, ¶ 21 (10th Dist.). Finally, the Fifth Appellate District held that the offenses of improper discharge of a firearm at or into a habitation and felony murder predicated on the improper-

discharge offense were committed with the same conduct where the defendant shot into a residence, fatally wounding a girl inside. *State v. Walton*, 5th Dist. No. 2011 CA 00214, 2012-Ohio-2597, ¶ 56.

{¶11} In this case, by quickly firing multiple shots towards Elliott and an apartment building at the same time, Hodges committed each attempt offense with the "same conduct." Consequently, our analysis turns to whether he committed these offenses separately or with a separate animus as to each. *See Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236 at ¶ 23.

{¶12} We first consider whether the offenses were committed separately. In *Anderson*, we held that the defendant's aggravated robbery of a bank and kidnapping of a bank employee to facilitate that robbery were not committed separately because they occurred during one sustained, continuous act that began and ended within 90 seconds. *Id.* at ¶ 24. Given the temporal and spatial proximity of the attempt offenses in this case, we come to the same conclusion here.

{¶13} We, therefore, finally examine whether the offenses were each committed with a separate animus. "The Ohio Supreme Court interprets the term 'animus' to mean 'purpose or, more properly, immediate motive,' and infers animus from the surrounding circumstances." *State v. Shields*, 1st Dist. No. C-100362, 2011-Ohio-1912, ¶ 16, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). Although animus is often difficult to prove directly, "the manner in which a defendant engages in a course of conduct may indicate distinct purposes." *State v. Whipple*, 2012-Ohio-2938, 972 N.E.2d 1141, ¶ 38 (1st Dist.).

{¶14} In *Whipple*, we identified a separate animus as to three counts of felonious assault and one count of improper discharge of a firearm at or into a habitation where the evidence adduced at trial indicated that the defendant and his

accomplices had peppered a house with bullets mere moments after three people had run inside.

> Police recovered 28 shell casings from the crime scene. The casings were found in the street spread across the length of the property, on the sidewalk, in the driveway, in the yard, on the porch, and three were found actually inside the home. Most of the windows of the van the victims had been riding in, which was parked on the street, had also been shot out. The investigating officer testified that "there were casings everywhere. The house had been shot up." Based on where the casings were found, the shooters had been in the street and had advanced through the yard and onto the porch.
>
> *Id.* at ¶ 40.

{¶15} On those facts, we held that the "level of destruction unleashed by Whipple upon the home demonstrated that he sought to do more than commit felonious assault," and that, therefore, he had committed the improper-discharge offense with an animus separate from each of the felonious assaults. *Id.* at ¶ 37. *See also State v. Kelly*, 5th Dist. No. 2012CA00067, 2012-Ohio-5875, ¶ 26 (following *Whipple*); *but see Whipple* at ¶ 53 (Fischer, J., concurring in part and dissenting in part) (concluding that the defendant had committed the improper-discharge offense with the immediate motive only to injure those inside).

{¶16} In *Anderson*, however, we held that the defendant had committed aggravated robbery and kidnapping with the same animus where the bank-employee victim was detained for a brief period, moved only a short distance to the common area

of the bank, and was released immediately following the commission of the aggravated robbery of the bank. *Anderson* at ¶ 31. We determined that it was "beyond cavil that the bank robbery was the immediate motive for the kidnapping," and that the "[k]idnapping of the bank employees was merely incidental to the robbery." *Id.*

{¶17} In this case, although Hodges was aware that his conduct would probably result in physical harm to Elliott and shots fired at or into two separate apartments, the record does not reflect that Hodges intended to "shoot up" the dwellings. Indeed, his immediate motive was clearly to injure Elliott after their verbal altercation had escalated. We, therefore, cannot say that Hodges committed his attempt offenses with a separate animus as to each offense. Having also determined that the offenses were committed with the same conduct and not separately, we hold that they should have been merged under R.C. 2941.25. Accordingly, the first assignment of error is sustained.

### Additional Matters

{¶18} In his second assignment of error, Hodges argues that his pleas were not entered knowingly, voluntarily, and intelligently because his trial counsel had advised him that the trial court would not impose a prison term longer than six years. The trial court ultimately imposed an aggregate term of 11 years. And in his third assignment of error, Hodges maintains that he was denied the effective assistance of counsel for the same reason.

{¶19} For support, Hodges refers only to an affidavit that he signed and attached to a motion to withdraw his guilty pleas under Crim.R. 32.1, which he filed the same day as his notice of appeal. Because he appeals only from his convictions, however, we cannot consider on direct appeal those matters that were not before the trial court at the time of those convictions. *See, e.g., McKay v. Cutlip*, 80 Ohio App.3d

487, 490 fn. 3, 609 N.E.2d 1272 (9th Dist.1992) ("Appellate review is limited, pursuant to App.R. 12(A), to the record as it existed at the time the judgment was rendered."); *see generally State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph two of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). We, therefore, disregard his affidavit and turn to the merits of these assigned errors on the record now before us.

{¶20} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, voluntarily, and intelligently. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a defendant's pleas are made knowingly, voluntarily, and intelligently, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-26.

{¶21} Upon our review of the record, we conclude that the trial court fully complied with Crim.R. 11, engaging the defendant on each point and making sure that he understood the consequences of his guilty pleas. We therefore determine that Hodges's pleas were entered knowingly, voluntarily, and intelligently. The second assignment of error is overruled.

{¶22} Consequently, we turn to his final assignment of error, alleging ineffective assistance of trial counsel. We reverse on such grounds only where the defendant shows that counsel's performance was deficient and that this deficient performance prejudiced the defense. *E.g., State v. Miller*, 1st Dist. No. C-120109, 2012-Ohio-5964, ¶ 19, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984) and *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different." *Id.*

{¶23} Again based on the record now before us, we cannot say that the defendant has demonstrated either deficient performance or prejudice. The third assignment of error is, therefore, overruled.

### Conclusion

{¶24} Having determined that the trial court erred in imposing separate sentences on each of Hodges's three attempt offenses, we vacate those sentences and remand this cause for resentencing pursuant to the state's election. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus. In all other respects, we affirm the judgment of the trial court.

Judgment accordingly.


**HENDON, P.J.,** concurs.
**DINKELACKER, J.,** concurs in part and dissents in part.


**DINKELACKER, J.,** concurring in part and dissenting in part.

{¶25} Based on my review of the record, Christopher Hodges has failed to demonstrate that his three attempt offenses should merge under R.C. 2941.25. *See State v. Wesseling*, 1st Dist. No. C-110193, 2011-Ohio-5882, ¶ 11, citing *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). Therefore, I respectfully dissent as to the majority's disposition of the first assignment of error.

11

**{¶26}** I am particularly troubled by the majority's conclusion that these offenses were committed with a single animus—that is, to injure Demetrius Elliott— simply because they arose from an altercation between Hodges and Elliott. This determination downplays the severity of the shooting, which occurred in "a populated area, [while] people were out, and [Hodges] knew there was an apartment building that was full of people and he was just firing off that gun like it was an old western shootout." These facts demonstrate such an increased risk of harm and such a profound disregard for the consequences of his conduct that I cannot say Hodges committed each attempt offense with a single animus. *See State v. Whipple*, 2012-Ohio-2938, 972 N.E.2d 1141, ¶ 38-42 (1st Dist.); *State v. Shields*, 1st Dist. No. C-100362, 2011-Ohio-1912, ¶ 19-20 (finding separate animus as to aggravated robbery and felonious assault where the "assault was so unnecessary for the robbery itself that it demonstrated a significance independent of that robbery").

**{¶27}** Because I concur with the majority's disposition of the second and third assignments of error, I would affirm the judgment of the trial court.

Please note:

The court has recorded its own entry this date.