[Cite as *State v. Lavender*, 2013-Ohio-2508.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120508 |
| | | TRIAL NO. B-1106802A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MICHAEL LAVENDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and
          Cause Remanded

Date of Judgment Entry on Appeal:  June 19, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    For his role in two shootings, defendant-appellant Michael Lavender pleaded guilty to felonious assault, improper discharge of a firearm at or into a habitation with a firearm specification, and voluntary manslaughter with a firearm specification.  The trial court imposed an aggregate prison term of 28 years, and this appeal followed.

{¶2}    Lavender assigns two errors, both concerning his sentence.  He respectively argues that the trial court erred in sentencing him (1) excessively for the firearm specification to the improper-discharge offense, and (2) separately for improper discharge and felonious assault.  Because we find his second argument meritorious and dispositive of this appeal, we address it first.

{¶3}    "Under R.C. 2941.25, Ohio's multiple-count statute, a trial court, in a single proceeding, may convict a defendant for two or more offenses having as their genesis the same criminal conduct or transaction if the offenses (1) were not allied offenses of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense."  *State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 15 (1st Dist.); *see State v. Bickerstaff*, 10 Ohio St.3d 62, 65-66, 461 N.E.2d 892 (1984).  We review whether a trial court erred in imposing multiple sentences for multiple offenses under this statute de novo.  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶4}    Applying this three-part test, we first consider whether Lavender's improper-discharge and felonious-assault offenses were allied offenses of similar import.  Since the Ohio Supreme Court's holding in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus, we have held that two or more

offenses are allied offenses of similar import if the state relies on the same conduct to prove each offense. *See State v. Adams*, 1st Dist. No. C-120059, 2013-Ohio-926, ¶ 21; *State v. Campbell*, 2012-Ohio-4231, 978 N.E.2d 970, ¶ 10 (1st Dist.); *State v. Cooper*, 1st Dist. Nos. C-110027 and C-110028, 2012-Ohio-555, ¶ 13; *State v. Johnson*, 195 Ohio App.3d 59, 2011-Ohio-3143, 958 N.E.2d 977, ¶ 78 (1st Dist.). We therefore examine "the statutory elements of each offense in the context of the defendant's conduct." *Williams* at ¶ 20.

{¶5} Lavender was convicted of felonious assault, as defined by R.C. 2903.11(A)(2), and improper discharge, as defined by R.C. 2923.161(A)(1). Under the former, "[n]o person, shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance," and under the latter, "[n]o person, without privilege to do so, shall knowingly * * * [d]ischarge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual[.]"

{¶6} With these statutes in mind, we turn to the record to identify the conduct that the state relied upon to prove these offenses. According to the bill of particulars,

> [A]t approximately 1900 hours, Lavender and Thomas conspired to shoot the victim. After visiting J.T. at his residence and then leaving, A. Thomas dropped Lavender back off at the residence with instructions to shoot J.T. Lavender knocked on the door and, after J.T. opened the door, fired 3 rounds into the home at J.T. A. Thomas picked up Lavender and they left in a car driven by A. Thomas.

3

{¶7}     Thus, the state clearly relied on a single series of three gunshots to support both offenses.   The issue, however, is whether this constitutes the "same conduct" for purposes of R.C. 2941.25.

{¶8}     We are guided in this inquiry by three post-*Johnson* cases.   First, in *State v. Walton*, 5th Dist. No. 2011 CA 00214, 2012-Ohio-2597, the Fifth Appellate District determined that a defendant had committed both improper discharge and felony murder predicated on the improper discharge with the "same conduct" by shooting several rounds into the "front door area" of an occupied apartment, fatally wounding a girl inside.   More recently, the Tenth Appellate District found that a defendant had committed discharge of a firearm on or near a prohibited premises, in violation of R.C. 2923.162(A)(3) (that is, "upon or over a public road or highway"), and felonious assault with the "same conduct" by shooting occupants of a moving vehicle. *State v. Carson*, 2012-Ohio-4501, 978 N.E.2d 621 (10th Dist.).   And finally, in *State v. Melton*, 8th Dist. No. 97675, 2013-Ohio-257, the Eighth Appellate District held that the same offenses at issue in *Carson* were committed with the same conduct where the defendant had shot two individuals while standing in the middle of a street.

{¶9}     These cases certainly suggest that where a defendant discharges a firearm at, into, on, or over a prohibited space, and thereby injures another, the defendant has committed both a firearm-discharge offense and either homicide or assault with the same conduct under R.C. 2941.25.   Accordingly, because the state relied on Lavender shooting a single series of three bullets into J.T.'s residence and at J.T. at the same time, we hold that Lavender committed improper discharge and felonious assault with the "same conduct."

{¶10} We next turn to whether these offenses were committed separately. We recently held in *Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, that the defendant had not separately committed aggravated robbery of a bank and kidnapping of a bank employee to facilitate that robbery because the offenses occurred during one sustained, continuous act that began and ended within 90 seconds. *Id.* at ¶ 24. Likewise, in *State v. Hodges*, 1st Dist. No. C-110630, 2013-Ohio-1195, we concluded that the defendant had not separately committed one count of attempt to commit felonious assault and two counts of attempt to commit improper discharge of a firearm at or into a habitation where he had quickly fired multiple shots towards an individual and two apartments. *Hodges* at ¶ 12. In this case, given the temporal and spatial proximity of the improper discharge and the felonious assault, we reach the same conclusion. *Id.*

{¶11} We, therefore, finally consider whether Lavender committed these offenses with a separate animus. "The Ohio Supreme Court interprets the term 'animus' to mean 'purpose or, more properly, immediate motive,' and infers animus from the surrounding circumstances." *State v. Shields*, 1st Dist. No. C-100362, 2011-Ohio-1912, ¶ 16, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1975). "Although animus is often difficult to prove directly, 'the manner in which a defendant engages in a course of conduct may indicate distinct purposes.'" *Hodges* at ¶ 13, citing *State v. Whipple*, 2012-Ohio-2938, 972 N.E.12d 1141, ¶ 38 (1st Dist.).

{¶12} In *Whipple*, we found a separate animus as to three counts of felonious assault and one count of improper discharge where the evidence adduced at trial indicated that the defendant and his accomplices had peppered a house with bullets mere moments after three people had run inside.

> Police recovered 28 shell casings from the crime scene.
>
> The casings were found in the street spread across the

length of the property, on the sidewalk, in the driveway, in the yard, on the porch, and three were found actually inside the home. Most of the windows of the van the victims had been riding in, which was parked on the street, had also been shot out. The investigating officer testified that "there were casings everywhere. The house had been shot up." Based on where the casings were found, the shooters had been in the street and had advanced through the yard and onto the porch.

*Id.* at ¶ 40.

{¶13}   On those facts, we held that the "level of destruction unleashed by Whipple upon the home demonstrated that he sought to do more than commit felonious assault," and that he had, therefore, committed the felonious assaults and improper discharge with a separate animus as to each offense. *Id.* at ¶ 37. *See State v. Kelly*, 5th Dist. No. 2012CA00067, 2012-Ohio-5875, ¶ 26 (holding that a defendant had committed the same offenses with a separate animus where his conduct "indicated the distinct purpose to shoot up the [victim's] residence").

{¶14}   In *Hodges*, however, we held that the defendant had committed the three attempt offenses with the same animus where he had fired several gunshots at his victim in the direction of an apartment building. Despite bullets having been recovered from two different apartments, we determined that the defendant's immediate motive had been to injure his victim, and not to "shoot up" the nearby apartments. *Id.* at ¶ 17.

{¶15}   We find this case to be more similar to *Hodges*. The record reflects that Lavender had conspired to shoot J.T., approached J.T.'s residence, and, after J.T. opened the front door, shot into the home at J.T. Thus, there is no indication that

6

Lavender had any motive other than to shoot J.T. We, therefore, conclude that Lavender committed improper discharge and felonious assault with the same animus. Having also determined that the offenses were committed with the same conduct, and that they were not committed separately, we hold that the trial court erred in imposing separate sentences for the offenses under R.C. 2941.25.

{¶16} The second assignment of error is sustained. Lavender's sentences for improper discharge and felonious assault are vacated, and this cause is remanded for resentencing in accordance with the state's election. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus. Consequently, Lavender's first assignment of error—which concerns only his sentence for the firearm specification to his improper-discharge offense—is overruled as not ripe for review. In all other respects, the judgment of the trial court is affirmed.

Judgment accordingly.

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:
    The court has recorded its own entry this date.