[Cite as *State v. Howard-Ross*, 2016-Ohio-1438.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 0168 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| DERRICK HOWARD-ROSS | ) | |
| aka DERRICK ROSS-HOWARD | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:   Appellant's Application for Reopening Pursuant to App.R. 26(B)

JUDGMENT:   Application Denied.

APPEARANCES:

For Plaintiff-Appellee:   Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:   Derrick Howard-Ross, *Pro se*
Inmate No. 650-049
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 30, 2016

[Cite as *State v. Howard-Ross*, 2016-Ohio-1438.]
PER CURIAM.

**{¶1}** Appellant Derrick Howard-Ross has filed an application to reopen his appeal. He raises a sole assignment of error arguing that his appellate counsel was ineffective for failing to argue that his improper discharge of a firearm into a habitation and felonious assault convictions are allied offenses that should have merged for sentencing purposes. As the offenses were constituted against multiple victims, the offenses are not allied in accordance with *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. Accordingly, Appellant's application for reopening is denied.

Factual and Procedural History

**{¶2}** Appellant had previously been in a relationship with the female victim in this case. Sometime after the relationship ended, Appellant went to the female victim's house and saw her watching television with the male victim and her two-year-old daughter. Appellant believed that the female victim was dating the male victim.

**{¶3}** Appellant knocked on the window with his gun before firing several shots into the house, striking the male victim with one or two bullets. Appellant then fled the scene. Shortly thereafter, he was arrested.

**{¶4}** At trial, Appellant admitted that he fired shots into the house, but claimed that he did so in self-defense after the male victim shot at him. He was convicted of: one count of discharging a firearm into a habitation, in violation of R.C. 2923.161(A)(1)(c); felonious assault, in violation of R.C. 2903.11(A)(2)(D); and two firearm specifications, in violation of R.C. 2941.145(A).

{¶5} He was sentenced to eight years of incarceration on the improper discharge count, eight years on the felonious assault count, and three years per firearm specification. The firearm specifications merged for sentencing purposes. The improper discharge and felonious assault counts did not merge. Each sentence was ordered to run consecutively. He was sentenced to an aggregate term of nineteen years of incarceration.

{¶6} Appellant filed a timely appeal. His appellate counsel raised four assignments of error alleging the following errors: (1) the trial court denied Appellant his constitutional right to participate in his defense; (2) the trial court erroneously denied his motion for a mistrial after a witness blurted out testimony regarding prior bad acts; (3) the trial court improperly imposed time restraints regarding the presentation of his defense; and (4) the trial court improperly based his sentence on his trial behavior. We affirmed the Appellant's conviction and sentence in *State v. Howard-Ross,* 7th Dist. No. 13 MA 168, 2015-Ohio-4810.

{¶7} On February 4, 2016, Appellant filed a timely application to reopen his appeal pursuant to App.R. 26(B). He has attached an affidavit to his application where he states his belief that his appellate counsel failed to provide him with effective assistance.

*Reopening*

{¶8} Pursuant to App.R. 26(B)(1), a criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." An applicant must demonstrate

that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

**{¶9}** In order to show ineffective assistance of appellate counsel, the applicant must meet the two-prong test outlined in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Strickland,* the applicant must demonstrate deficient performance of counsel and resulting prejudice. *Id.* at 687. *See also* App.R. 26(B)(9).

**{¶10}** An application for reopening must contain: "One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). See also *State v. Clark,* 7th Dist. No. 08 MA 15, 2015-Ohio-2584, ¶19. Here, Appellant presents a single assignment of error arguing that his appellate counsel was deficient for failing to argue that his improper discharge and felonious assault offenses are allied and should have merged for sentencing purposes.

<u>Assignment of Error</u>

THE TRIAL COURT ERRED BY CONVICTING AND SENTENCING HOWARD-ROSS TO CONSECUTIVE SENTENCES ON ALLIED OFFENSES OF SIMILAR IMPORT.

**{¶11}** Appellant contends that he fired several shots through a window into a house which formed the basis for both his improper discharge and felonious assault convictions. Appellant explains that, pursuant to *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, convictions for multiple offenses merge for sentencing purposes when it is possible to commit both offenses with the same conduct and the offenses were part of the same conduct. Appellant argues that both convictions were supported by the same conduct, thus the first *Johnson* prong is met. In regard to the second prong, Appellant argues that the offenses were committed with the same intent, to injure or kill the male victim, thus he acted with a single animus. As both *Johnson* prongs are met, Appellant argues that his offenses are allied and should have merged.

**{¶12}** Pursuant to *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 392, the state contends that when a defendant's conduct constitutes offenses against separate victims, the offenses are of dissimilar import and are not allied. The state argues that this incident involved three victims: the male victim, the female victim, and the female victim's daughter. As offenses involving multiple victims are not allied offenses, the state contends that the trial court properly determined that the improper discharge and felonious assault convictions do not merge, here.

**{¶13}** In support of his arguments, Appellant cites to the trial court's statement: "You can't commit that crime without committing the other crime, and you can't commit that other crime without committing this crime. I don't know how those things could possibly merge." (10/1/13 Sentencing Hrg. Tr., p, 17.) While the trial

court's statement is not as clear as it might be, it is apparent that the court is stating its belief that the crimes do not merge. The trial court does clearly explain in its sentencing entry that Appellant's act of felonious assault had one victim, the male victim, while the improper discharge offense had separate victims, the female victim and her daughter. Accordingly, the court determined that each offense had a separate animus and were not allied offenses.

{¶14} Appellant relies on *Johnson*; however, the Ohio Supreme Court modified *Johnson* in *State v. Ruff, supra*. In *Ruff,* the Court announced a new test which asks three questions: (1) whether the offenses are dissimilar in import or significance, *i.e.* each offense caused a separate and identifiable harm; (2) whether the offenses were separately committed; and, (3) whether the offenses were committed with separate animus or motivation. *Id*. at ¶25. If the answer to any of these questions is in the affirmative, then the offenses do not merge. *Id.*

{¶15} Relevant to the issue at hand, *Ruff* also held that "[w]hen a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Id.* at ¶26. As the state argues, this case presented three victims. The trial court specifically determined that there was one, male, victim of the felonious assault offense and there were two victims of the improper discharge offense, the woman and her daughter. As Appellant's conduct impacted multiple victims, the harm for each victim is separate and distinct.

**{¶16}** Appellant relies on two cases: *State v. Hodges,* 1st Dist. No. C-110630, 2013-Ohio-1195 and *State v. Walton,* 5th Dist. No. 2011 CA 00214, 2012-Ohio-2597. Appellant argues that the *Hodges* Court determined that multiple gunshots that are fired in quick succession constitute the same conduct. As to *Walton,* Appellant contends that the Fifth District determined that shots fired into an occupied apartment which caused the death of a young victim constituted both improper discharge and felony murder.

**{¶17}** Both of these cases are pre-*Ruff.* As such, neither acknowledges that offenses involving multiple victims result in a separate animus. Consequently, they are inapplicable, here. Appellant further argues that the indictment accuses him of victimizing the male victim and fails to mention the other victims. Contrary to Appellant's arguments, the improper discharge count does not specify the victims. Pursuant to the applicable law it is apparent that Appellant's offenses are not allied. The trial court properly sentenced him for each offense.

**{¶18}** As previously stated, in order to show ineffective assistance of appellate counsel, Appellant must demonstrate deficient performance of counsel and resulting prejudice. Because the trial court correctly found separate animus, appellate counsel's performance is clearly not deficient for failing to raise a specious assignment of error as to allied offenses. Appellant has not satisfied the first *Strickland* prong, thus has not raised a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. Accordingly, Appellant's application for reopening is denied.

Waite, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.