SEAN C. GALLAGHER, J., CONCURRING:
{¶ 29} I fully concur, but must write separately to clarify a few points. It is well settled that the charge of discharging a firearm into a habitation and an associated assault charge are not allied offenses. State v. Elko , 8th Dist. Cuyahoga No. 83641, 2004-Ohio-5209, 2004 WL 2340258, ¶ 85, abrogated in part, State v. Ford , 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 4. As the majority noted, this has not changed under the Ruff analysis. Part of the reason courts have found that these crimes do not merge is the harms the individual criminal statutes seek to preclude are separate. The discharging a firearm into a habitation statute seeks to punish for the harm caused by shooting at occupied structures while the assault-type statutes punish for the harm caused to individuals being threatened with or actually being harmed.
{¶ 30} In light of this discussion, it bears noting that in State v. James , 2015-Ohio-4987, 53 N.E.3d 770, ¶ 34 (8th Dist.), it was mentioned that the victim of the discharging a firearm into a habitation was the person occupying the structure at the time of the shooting. James should not be interpreted to be in conflict with today's decision. In James , the issue was whether discharging a firearm over a public road or highway merged with the offense of discharging a firearm into a habitation. Although the court indicated that a discharging a firearm offense could have an individual as the victim, this ignores the law that the statute punishes for the offense whether or not an individual is actually present. This demonstrates the legislative intent for R.C. 2923.161(A)(1) to punish for the act as being one committed against the habitation. Further, had individual harm been contemplated in R.C. 2923.161(A)(1), the legislature could have included language similar to R.C. 2923.161(A)(3)(a), in which an offender may be punished for discharging a firearm within 1,000 feet of any school building with the intent to "cause physical harm to another who is in the school." Division (A)(1) omitted this individualized language, further demonstrating that the division (A)(1) crime is committed against the structure and not the individual. State v. Howard-Ross , 7th Dist. Mahoning No. 13 MA 0168, 2016-Ohio-1438, 2016 WL 1298740, ¶ 17 (the improper discharging a firearm into a habitation offense does not rely on individually named victims).
{¶ 31} I recognize that today's decision can be construed as creating a bright-line rule shunned by the Ohio Supreme Court. State v. Ruff , 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 30. On this topic alone, appellate courts are struggling and providing little practical guidance to defendants and the state. In State v. Ramey , 2015-Ohio-5389, 55 N.E.3d 542, ¶ 78 (2d Dist.), for example, it was concluded that
based on the circumstances of this case, specifically the location of the bullet holes and [the victim's] position at the time of the shooting, we find that the trial court did not err in failing to merge the complicity to commit felonious assault and complicity to improperly discharge *1032 a firearm offenses at sentencing, as it can be inferred from the evidence that the bullet fired at [the victim] and his mother was committed with a separate animus from the three bullets fired underneath the three windows, as those shots were fired low to the ground and in an area less likely to hit anyone.
There is no need to resort to such a parsing of facts if the legislative intent behind criminalizing the conduct is considered, the analysis of which is outside the framework of R.C. 2941.25. State v. Smith , 8th Dist. Cuyahoga No. 104553, 85 N.E.3d 304, 2017-Ohio-537, ¶ 15. R.C. 2941.25"is not the sole legislative declaration in Ohio on the multiplicity of indictments." State v. Miranda , 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 10, citing State v. Childs , 88 Ohio St.3d 558, 561, 2000-Ohio-425, 728 N.E.2d 379. " 'While our two-tiered test for determining whether offenses constitute allied offenses of similar import is helpful in construing legislative intent, it is not necessary to resort to that test when the legislature's intent is clear from the language of the statute.' " Id. , quoting State v. Brown , 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37. The legislative intent behind R.C. 2923.161(A)(1) indicates an intent to punish the harm caused as against the habitation and not any individual who may have been present. If this is a bright-line rule, it is one created by the legislature.